COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-445-CR

DONALD ATKINSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Donald Atkinson, pro se, appeals his conviction for assault—family violence.  We affirm.

Background

This is the case of the battling brothers.  On the day of the incident in question, Appellant was laying tile with his brother William at the home of a customer.  The brothers had an argument about mixing grout in a particular bucket, and William decided to leave the job site.  Appellant followed William to William’s truck and demanded William’s key to Appellant’s house.  At the time, William was living with their mother but intended to move into the house rented by Appellant, which was two to three miles from the job site.  William told Appellant that he would return the key after William removed his own possessions from Appellant’s house. 

William testified that Appellant then hit him in the face two to four times with his fist, jumped on top of him, started to choke him, and told William he was going to kill him.  William shoved Appellant’s head into the roof of the truck, and Appellant released him.  William then gave Appellant’s house key to him, got into the truck, and drove to a police station, where he reported the assault.  He eventually went to a doctor, who told him he had a fractured nose and a bruised rib. 

After reporting the assault to the police, William obtained another key to Appellant’s house from their father and retrieved a computer, a microwave oven, and some electronic components from the house.  William testified that the computer was his, but he had allowed Appellant to use it for banking, among other things.  Appellant attempted to establish through cross-examination that William is a computer wizard who can crack passwords, retrieve deleted data, and access bank accounts. 

Appellant was charged by information with assault-family violence.  Appellant represented himself at trial but did not testify.
(footnote: 2)  In his opening statement and closing argument during the guilt/innocence phase of trial, he admitted to the elements of assault to the jury, but he asserted the justification of protecting his own property.  Appellant argued that he reasonably believed that force was immediately necessary to compel his house key from William and prevent him from removing the computer from the house because William would otherwise take the computer and commit identity theft.  The trial court charged the jury on the defense  of protection of one’s own property but denied Appellant’s requests for charges on protection of a third person’s  property and mistake of fact. 

The jury found Appellant guilty of assault as charged in the information and assessed punishment at 365 days’ confinement and a $4,000.00 fine—the maximum sentence for a Class A misdemeanor.  
See
 
Tex. Penal Code Ann.
 §
 12.21 (Vernon 2003).  The trial court sentenced Appellant accordingly.

Discussion

1. Legal and factual sufficiency.

In his first and second issues, Appellant argues that the evidence is legally and factually insufficient to support the jury’s verdict.  Specifically, Appellant contends that the evidence is insufficient to disprove the justification of defense of one’s own property.

When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).
  When reviewing the sufficiency of the evidence in the context of a defense, we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt and also would have found against appellant on the defense issue beyond a reasonable doubt.  
Saxton v. State
, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d 417.

A person in lawful possession of land or tangible, moveable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other’s trespass on the land or unlawful interference with the property.  
Tex. Penal Code Ann.
 §
 9.41(a) (Vernon 2003).  “Immediately necessary” means a split-second decision is required without time to consider the law.  
See Jackson v. State
, 50 S.W.3d 579, 595 (Tex. App.—Fort Worth 2001, pet. ref’d).  Such justification is a defense to prosecution. 
 Tex. Penal Code Ann.
 §
 9.02 (Vernon 2003).  The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.  
Id
.  § 2.03(b).  If the court submits the issue to the jury, it must charge the jury that a reasonable doubt on the issue requires that the defendant be acquitted.  
Id
. § 2.03(d).  The State has the burden of persuasion in disproving the evidence of a defense.  
Saxton
, 804 S.W.2d at 913.  That is not a burden of production, that is, one which requires the State to affirmatively produce evidence refuting the self-defense claim, but rather a burden requiring the State to prove its case beyond a reasonable doubt.  
Id.
  A jury verdict of guilty is an implicit rejection of a defense.  
Id.
 at 914.

Appellant’s theory at trial was that he reasonably believed force was immediately necessary to prevent William’s unlawful interference with property in Appellant’s house, specifically, the computer and its data.
(footnote: 3)  William testified that he owned the computer.  William and Appellant were at a job site when Appellant struck William, and William testified that the job site was two or three miles from Appellant’s house.  Nothing in the record supports the reasonableness of Appellant’s purported belief that an “immediate necessity” required a split-second decision to strike his brother without time to consider the law, as opposed to, for example, calling the police or rekeying the home’s locks.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have concluded beyond a reasonable doubt that the computer belonged to William, that force was not immediately necessary to prevent William from taking the computer, or that force was not immediately necessary to prevent William from accessing Appellant’s confidential information on the computer.  Viewing all of the evidence in a neutral light, we cannot say that the jury’s implicit rejection of Appellant’s defense was manifestly unjust.  Therefore, we hold that the evidence was legally and factually sufficient to support the verdict, and we overrule Appellant’s first and second points.

2. Defense of third person’s property and mistake of fact.

In his third and fourth points, Appellant argues that the trial court erred by failing to charge the jury on the defenses of protection of a third person’s property and mistake of fact.

An accused is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence.  
Granger v. State
, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); 
Hudson v. State
, 145 S.W.3d 323, 324-25 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the evidence fails to raise a defensive issue, the trial court commits no error in refusing a requested instruction.
  Muniz v. State
, 851 S.W.2d 238, 254 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 837 (1993); 
Hudson
, 145 S.W.3d at 325.

A person is justified in using force against another to protect land or tangible, movable property of a third person if, under the circumstances as he reasonably believes them to be, the actor would be justified under section 9.41 in using force to protect his own land or property and (1) the actor reasonably believes the unlawful interference constitutes theft of the tangible, movable property or (2) the actor reasonably believes that the third person has requested his protection of the land or property or he has a duty to protect the land or property.  
Tex. Penal Code Ann.
 §
 9.43 (Vernon 2003).

Police officer Allan Turpin testified that he arrested Appellant at the job site after William reported the assault, and Appellant told him he wanted to take William’s house key because “he did not want his brother to either destroy the residence or take things out of it that did not belong to him.”  Appellant argues that this testimony is some evidence that he believed force was necessary to protect his landlord’s property from William, a duty he argues arose from the lease agreement. 

But even assuming Appellant reasonably believed he had a duty to protect the landlord’s property from William, he was not entitled to an instruction on defense of a third person’s property because, as we noted above, there is no evidence that Appellant reasonably believed force was 
immediately 
necessary.  Thus, there was no evidence that Appellant was justified in using force to defend his own property under section 9.41, and an actor is not justified in using force to protect a third person’s property unless he would be justified in using force to protect his own property.  
See
 
id
. §§  9.41, 9.43.

Appellant argues that the fact the trial court submitted the section 9.41 instruction proves that he met the prerequisite of section 9.43.  We disagree.  The propriety of the trial court’s section 9.41 instruction is not before us because neither party raised an issue with regard to that instruction.  
See 
Tex. R. App. P.
 
47.1 (providing that an opinion must address every issue raised by the parties and necessary to final disposition of the appeal).  But the issue of whether Appellant was entitled to a section 9.43 instruction 
is
 before the court, and we hold that the trial court did not err by refusing the instruction because the evidence did not raise the defense.  We overrule Appellant’s third issue.

In his fourth issue, Appellant argues that the trial court erred by failing to instruct the jury on the defense of mistake of fact regarding ownership of the computer.  This argument segues back into Appellant’s defense-of-one’s-own-property theory; he contends that the jury, if properly instructed, could have found that he reasonably (but mistakenly) believed that the computer belonged to him and thus reasonably believed that force was immediately necessary to protect what he thought was his property.

Penal code section 8.02 provides, 

It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense.

Tex. Penal Code Ann.
 §
 8.02(a) (Vernon 2003).  The statutory term “kind of culpability” means “culpable mental state.”  
Posey v. State
, 966 S.W.2d 57, 70 (Tex. Crim. App. 1998).  Thus, Appellant was entitled to an instruction on the defense of mistake of fact if his mistaken belief that he owned the computer negated the culpable mental state required to commit assault.

A person commits assault if the person intentionally, knowingly, or recklessly causes bodily injury to another.  
Tex. Penal Code Ann. 
§ 22.01 (Vernon 2003).  Appellant concedes that he intentionally caused bodily injury to William, and we have held that his actions were not justified by the need to protect his own property.  Thus, even if Appellant mistakenly believed that he owned the computer, his mistake would not negate the culpable mental state required to commit assault.  Therefore, the evidence did not raise the defense of mistake of fact, and the trial court did not err by refusing to instruct the jury on that defense.  We overrule Appellant’s fourth issue.

3. Denial of constitutional right to a fair trial.

In his fifth issue, Appellant argues that he was denied his constitutional right to a fair trial because rule of evidence 609(c)(2) prevented him from impeaching William with evidence of William’s prior conviction for harassment,  for which William completed community supervision.  
See
 
Tex. R. Evid. 
 609(c)(2) (providing that evidence of a conviction is not admissible if community supervision has been satisfactorily completed for the crime for which the person was convicted).  The State replies that Appellant failed to preserve this argument for appeal.  We agree with the State.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

The only reference in the record to William’s prior conviction is the following colloquy, which occurred just before voir dire:

[PROSECUTOR]: Your Honor, just one more note.  On the defendant’s motions, he had asked that we run the criminal history of the complaining witness.  That individual does have a conviction for harassment.  I don’t believe that’s a crime of moral turpitude, so we haven’t gotten a copy of the judgment on that.  But I did want to let him know that he did have a harassment conviction.

THE DEFENDANT: If I may respond, Your Honor.

THE COURT: Sure.

THE DEFENDANT: One, I’ve -- I’ve decided not to bring that up, but I would disagree that it would be a crime of moral turpitude, as far as calling someone on the phone continuously and harassing them and saying -- 

THE COURT: Okay.  Well, as long as you’re not going to bring it up.

THE DEFENDANT: Okay.

THE COURT: Is that all, Mr. Atkinson?

THE DEFENDANT: I believe so, Your Honor.

THE COURT: Okay.

THE DEFENDANT: Thank you. 

Appellant did not offer evidence of William’s conviction; nor did he argue that rule 609 violated his constitutional rights.  Appellant presented nothing to the trial court and has preserved nothing for our review.  Therefore, we overrule Appellant’s fifth issue.

Conclusion

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.

ANNE GARDNER

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  February 22, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
In addition to William, three police officers testified.  To the extent their testimony is relevant to our analysis, we will summarize it in the discussion section of this opinion.

3:
Appellant conceded that the microwave oven belonged to William.