COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-445-CR

 

 

DONALD ATKINSON                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Donald Atkinson,
pro se, appeals his conviction for assaultCfamily violence.  We affirm.

                                            Background








This is the case of the
battling brothers.  On the day of the
incident in question, Appellant was laying tile with his brother William at the
home of a customer.  The brothers had an
argument about mixing grout in a particular bucket, and William decided to
leave the job site.  Appellant followed
William to William=s truck and
demanded William=s key to
Appellant=s
house.  At the time, William was living
with their mother but intended to move into the house rented by Appellant,
which was two to three miles from the job site. 
William told Appellant that he would return the key after William
removed his own possessions from Appellant=s house. 

William testified that
Appellant then hit him in the face two to four times with his fist, jumped on
top of him, started to choke him, and told William he was going to kill
him.  William shoved Appellant=s head into the roof of the truck, and Appellant released him.  William then gave Appellant=s house key to him, got into the truck, and drove to a police station,
where he reported the assault.  He
eventually went to a doctor, who told him he had a fractured nose and a bruised
rib. 








After reporting the assault
to the police, William obtained another key to Appellant=s house from their father and retrieved a computer, a microwave oven,
and some electronic components from the house. 
William testified that the computer was his, but he had allowed
Appellant to use it for banking, among other things.  Appellant attempted to establish through cross-examination
that William is a computer wizard who can crack passwords, retrieve deleted
data, and access bank accounts. 

Appellant was charged by
information with assault-family violence. 
Appellant represented himself at trial but did not testify.[2]  In his opening statement and closing argument
during the guilt/innocence phase of trial, he admitted to the elements of
assault to the jury, but he asserted the justification of protecting his own
property.  Appellant argued that he
reasonably believed that force was immediately necessary to compel his house
key from William and prevent him from removing the computer from the house
because William would otherwise take the computer and commit identity
theft.  The trial court charged the jury
on the defense  of protection of one=s own property but denied Appellant=s requests for charges on protection of a third person=s  property and mistake of fact.


The jury found Appellant
guilty of assault as charged in the information and assessed punishment at 365
days= confinement and a $4,000.00 fineCthe maximum sentence for a Class A misdemeanor.  See Tex.
Penal Code Ann. ' 12.21
(Vernon 2003).  The trial court sentenced
Appellant accordingly.








                                             Discussion

1.     Legal and factual
sufficiency.

In his first and second
issues, Appellant argues that the evidence is legally and factually
insufficient to support the jury=s verdict.  Specifically,
Appellant contends that the evidence is insufficient to disprove the
justification of defense of one=s own property.

When reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  When reviewing the sufficiency of the
evidence in the context of a defense, we determine whether after viewing all
the evidence in the light most favorable to the prosecution, any rational trier
of fact would have found the essential elements of the offense beyond a
reasonable doubt and also would have found against appellant on the defense
issue beyond a reasonable doubt.  Saxton
v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d 417.








A person in lawful possession
of land or tangible, moveable property is justified in using force against
another when and to the degree the actor reasonably believes the force is
immediately necessary to prevent or terminate the other=s trespass on the land or unlawful interference with the
property.  Tex. Penal Code Ann. ' 9.41(a) (Vernon 2003).  AImmediately necessary@ means a split-second decision is required without time to consider
the law.  See Jackson v. State, 50
S.W.3d 579, 595 (Tex. App.CFort Worth 2001, pet. ref=d).  Such justification is a
defense to prosecution.  Tex. Penal Code Ann. ' 9.02 (Vernon 2003).  The
issue of the existence of a defense is not submitted to the jury unless
evidence is admitted supporting the defense. 
Id.  ' 2.03(b).  If the court submits
the issue to the jury, it must charge the jury that a reasonable doubt on the
issue requires that the defendant be acquitted. 
Id. '
2.03(d).  The State has the burden of
persuasion in disproving the evidence of a defense.  Saxton, 804 S.W.2d at 913.  That is not a burden of production, that is,
one which requires the State to affirmatively produce evidence refuting the
self‑defense claim, but rather a burden requiring the State to prove its
case beyond a reasonable doubt.  Id.  A jury verdict of guilty is an implicit
rejection of a defense.  Id. at
914.








Appellant=s theory at trial was that he reasonably believed force was
immediately necessary to prevent William=s unlawful interference with property in Appellant=s house, specifically, the computer and its data.[3]  William testified that he owned the
computer.  William and Appellant were at
a job site when Appellant struck William, and William testified that the job
site was two or three miles from Appellant=s house.  Nothing in the record
supports the reasonableness of Appellant=s purported belief that an Aimmediate necessity@ required a split-second decision to strike his brother without time
to consider the law, as opposed to, for example, calling the police or rekeying
the home=s locks.

Viewing the evidence in the
light most favorable to the verdict, a rational trier of fact could have
concluded beyond a reasonable doubt that the computer belonged to William, that
force was not immediately necessary to prevent William from taking the
computer, or that force was not immediately necessary to prevent William from
accessing Appellant=s
confidential information on the computer. 
Viewing all of the evidence in a neutral light, we cannot say that the
jury=s implicit rejection of Appellant=s defense was manifestly unjust. 
Therefore, we hold that the evidence was legally and factually
sufficient to support the verdict, and we overrule Appellant=s first and second points.

2.     Defense of third person=s property and mistake of fact.

In his third and fourth
points, Appellant argues that the trial court erred by failing to charge the
jury on the defenses of protection of a third person=s property and mistake of fact.








An accused is entitled to an
instruction on any defensive issue raised by the evidence, whether that
evidence is weak or strong, unimpeached or contradicted, and regardless of what
the trial court may think about the credibility of the evidence.  Granger v. State, 3 S.W.3d 36, 38
(Tex. Crim. App. 1999); Hudson v. State, 145 S.W.3d 323, 324‑25
(Tex. App.CFort Worth
2004, pet. ref=d).  But when the evidence fails to raise a
defensive issue, the trial court commits no error in refusing a requested
instruction.  Muniz v. State, 851
S.W.2d 238, 254 (Tex. Crim. App.), cert. denied, 510 U.S. 837 (1993); Hudson,
145 S.W.3d at 325.

A person is justified in
using force against another to protect land or tangible, movable property of a
third person if, under the circumstances as he reasonably believes them to be,
the actor would be justified under section 9.41 in using force to protect his
own land or property and (1) the actor reasonably believes the unlawful
interference constitutes theft of the tangible, movable property or (2) the
actor reasonably believes that the third person has requested his protection of
the land or property or he has a duty to protect the land or property.  Tex.
Penal Code Ann. ' 9.43
(Vernon 2003).

Police officer Allan Turpin
testified that he arrested Appellant at the job site after William reported the
assault, and Appellant told him he wanted to take William=s house key because Ahe did not want his brother to either destroy the residence or take
things out of it that did not belong to him.@  Appellant argues that this
testimony is some evidence that he believed force was necessary to protect his
landlord=s property from William, a duty he argues arose from the lease
agreement. 








But even assuming Appellant
reasonably believed he had a duty to protect the landlord=s property from William, he was not entitled to an instruction on
defense of a third person=s property
because, as we noted above, there is no evidence that Appellant reasonably
believed force was immediately necessary.  Thus, there was no evidence that Appellant
was justified in using force to defend his own property under section 9.41, and
an actor is not justified in using force to protect a third person=s property unless he would be justified in using force to protect his
own property.  See id. ''  9.41, 9.43.

Appellant argues that the
fact the trial court submitted the section 9.41 instruction proves that he met
the prerequisite of section 9.43.  We
disagree.  The propriety of the trial
court=s section 9.41 instruction is not before us because neither party
raised an issue with regard to that instruction.  See Tex.
R. App. P. 47.1 (providing that an opinion must address every
issue raised by the parties and necessary to final disposition of the
appeal).  But the issue of whether
Appellant was entitled to a section 9.43 instruction is before the
court, and we hold that the trial court did not err by refusing the instruction
because the evidence did not raise the defense. 
We overrule Appellant=s third issue.








In his fourth issue,
Appellant argues that the trial court erred by failing to instruct the jury on
the defense of mistake of fact regarding ownership of the computer.  This argument segues back into Appellant=s defense-of-one=s-own-property
theory; he contends that the jury, if properly instructed, could have found
that he reasonably (but mistakenly) believed that the computer belonged to him
and thus reasonably believed that force was immediately necessary to protect
what he thought was his property.

Penal code section 8.02
provides, 

It is
a defense to prosecution that the actor through mistake formed a reasonable
belief about a matter of fact if his mistaken belief negated the kind of
culpability required for the commission of the offense.

 

Tex. Penal Code Ann. ' 8.02(a)
(Vernon 2003).  The statutory term Akind of culpability@ means Aculpable
mental state.@  Posey v. State, 966 S.W.2d 57, 70
(Tex. Crim. App. 1998).  Thus, Appellant
was entitled to an instruction on the defense of mistake of fact if his
mistaken belief that he owned the computer negated the culpable mental state
required to commit assault.








A person commits assault if
the person intentionally, knowingly, or recklessly causes bodily injury to
another.  Tex. Penal Code Ann. ' 22.01 (Vernon 2003).  Appellant
concedes that he intentionally caused bodily injury to William, and we have
held that his actions were not justified by the need to protect his own
property.  Thus, even if Appellant
mistakenly believed that he owned the computer, his mistake would not negate
the culpable mental state required to commit assault.  Therefore, the evidence did not raise the
defense of mistake of fact, and the trial court did not err by refusing to
instruct the jury on that defense.  We
overrule Appellant=s fourth
issue.

3.     Denial of constitutional
right to a fair trial.

In his fifth issue, Appellant
argues that he was denied his constitutional right to a fair trial because rule
of evidence 609(c)(2) prevented him from impeaching William with evidence of
William=s prior conviction for harassment, 
for which William completed community supervision.  See Tex.
R. Evid.  609(c)(2) (providing
that evidence of a conviction is not admissible if community supervision has
been satisfactorily completed for the crime for which the person was
convicted).  The State replies that
Appellant failed to preserve this argument for appeal.  We agree with the State.

To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).








The only reference in the
record to William=s prior
conviction is the following colloquy, which occurred just before voir dire:

[PROSECUTOR]:
Your Honor, just one more note.  On the
defendant=s
motions, he had asked that we run the criminal history of the complaining
witness.  That individual does have a
conviction for harassment.  I don=t
believe that=s a
crime of moral turpitude, so we haven=t gotten a copy of the
judgment on that.  But I did want to let
him know that he did have a harassment conviction.

 

THE
DEFENDANT: If I may respond, Your Honor.

 

THE
COURT: Sure.

 

THE
DEFENDANT: One, I=ve --
I=ve
decided not to bring that up, but I would disagree that it would be a crime of
moral turpitude, as far as calling someone on the phone continuously and
harassing them and saying -- 

 

THE
COURT: Okay.  Well, as long as you=re
not going to bring it up.

 

THE
DEFENDANT: Okay.

 

THE
COURT: Is that all, Mr. Atkinson?

 

THE
DEFENDANT: I believe so, Your Honor.

 

THE
COURT: Okay.

 

THE
DEFENDANT: Thank you. 

 








Appellant did not offer evidence of William=s conviction; nor did he argue that rule 609 violated his
constitutional rights.  Appellant
presented nothing to the trial court and has preserved nothing for our
review.  Therefore, we overrule Appellant=s fifth issue.

                                             Conclusion

Having overruled all of
Appellant=s issues, we
affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

 

PANEL F:    HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]In
addition to William, three police officers testified.  To the extent their testimony is relevant to
our analysis, we will summarize it in the discussion section of this opinion.





[3]Appellant
conceded that the microwave oven belonged to William.