

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00217-CR

LARRY MEYER                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
## TRIAL COURT NO. CR-2014-03204-B

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Larry Meyer guilty of the offense of driving while intoxicated with a previous conviction for driving while intoxicated and assessed his punishment at 180 days in jail and a $2,500 fine.  Tex. Penal Code Ann. § 12.43(a) (West 2011), §§ 49.04(a), 49.09(a) (West Supp. 2016).  In one issue, Appellant argues that the trial court erred by overruling his objection and allowing

---

[1]*See* Tex. R. App. P. 47.4.

the State to amend the information on the day of trial and by denying his request for a ten-day continuance. We affirm.

## BACKGROUND

On May 2, 2014, the State filed an information containing three paragraphs. In the first paragraph, the State charged Appellant with driving while intoxicated, a Class B misdemeanor. *Id.* § 49.04(a), (b). The second paragraph alleged a prior conviction for driving while intoxicated, which, if true, raised the punishment range to a Class A misdemeanor with a minimum term of confinement of thirty days. *Id.* § 49.09(a). The third paragraph alleged that Appellant had an alcohol concentration at or above 0.15, which, if true, also would have raised the punishment range to a Class A misdemeanor but without the minimum term of confinement. *Id.* § 49.04(d). On December 11, 2014, the State filed a "Notice of State's Intent to Enhance Punishment Range" in which it alleged that it was seeking a further enhancement of Appellant's punishment range based upon his Class A misdemeanor conviction for criminal trespass in 2000. We refer to this as the State's "enhancement notice." Assuming Appellant's punishment was otherwise a Class A misdemeanor, this allegation, if true, raised the minimum term of confinement to not less than ninety days. *Id.* § 12.43(a)(2).

On June 22, 2015, Appellant entered a guilty plea to the offense of driving while intoxicated alleged in the information. Appellant entered a plea of true to the paragraph alleging his prior conviction for driving while intoxicated. The State

2

abandoned the paragraph alleging a blood alcohol concentration at or above 0.15. Appellant indicated his intent to stipulate to the prior conviction of criminal trespass alleged by the State's enhancement notice:

> [Defense counsel]: I think we've already entered a plea of true to the enhancement. As far as the admissibility of the prior criminal history that the [S]tate's disclosed to me, we'll stipulate to both of those. So there won't be a need for any kind of identification, or fingerprinting, or things of that nature.
>
> The Court: Okay.
>
> [Defense counsel]: And it's my understanding they just have two. They have a prior conviction for criminal trespass in 2000, and then, of course, the prior DWI conviction that's in the Information.
>
> [Prosecutor]: That's correct.
>
> [Defense counsel]: And actually, Judge, I don't know—it would be kind of unusual, but I wouldn't have a problem going ahead and proceeding. If the [S]tate doesn't have any witnesses, we could go ahead and put on our witnesses and then adjourn until they can get theirs in.

After agreeing to stipulate to the alleged prior conviction for criminal trespass in the State's enhancement notice, Appellant argued that the notice constituted an amendment to the information, requiring a ruling by the trial court, and because the trial court made its ruling on the date of trial, Appellant was entitled to either a ten-day continuance or to have the enhancement notice stricken pursuant to articles 28.10 and 28.11 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. arts. 28.10–.11 (West 2006). Appellant characterized the State's enhancement notice as a motion for leave to amend the information that required an order granting it. The trial court stated that the State did not file a motion to

3

amend the information and verified with the State that its position was that it was entitled to the enhancement provision without having to amend the information. The trial court denied Appellant's request for a continuance and allowed the State to proceed on the enhancement. The judgments for the prior convictions for the offenses of driving while intoxicated and criminal trespass were admitted during trial.

Appellant conceded at trial and on appeal that adequate notice had been supplied for the State's enhancement notice. The State filed its enhancement notice on December 11, 2014. Trial was on June 22, 2015.

## ARGUMENT

In one issue, Appellant argues that the trial court violated articles 28.10 and 28.11 of the code of criminal procedure and reversibly erred when it overruled his objection, denied his request for a ten-day continuance, and allowed the State to amend its information on the day of trial. We disagree that articles 28.10 and 28.11 apply.

Article 28.10 of the code of criminal procedure provides,

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

4

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Tex. Code Crim. Proc. Ann. art. 28.10.

Article 28.11 of the code of criminal procedure provides,

All amendments of an indictment or information shall be made with the leave of the court and under its direction.

*Id.* art. 28.11.

We agree with the State's position that these statutory provisions do not apply because the State did not file a motion to amend the information. Rather, the State filed a notice of intent to enhance the punishment range pursuant to *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). The State proceeded to trial on the information as originally drawn. Enhancement paragraphs need not be pled in the indictment or information. *See id.* at 33–34. Enhancement paragraphs must, however, be pled in some form. *Id.* at 34.

The "Notice of State's Intention to Enhance Punishment Range" provided,

Comes now the State of Texas, by and through her Assistant Criminal District Attorney, Zane Reid, and files this notice of intention to enhance the punishment range to a 90 day minimum jail sentence using a prior Felony conviction or prior Class A Misdemeanor conviction, pursuant to section 12.43 of the Texas Penal Code, and would show the court the following:

I.

Before the commission of the offense alleged above:

5

1. The Defendant was convicted of Criminal Trespass (of a habitation-class A) on or about July 12, 2000 in Denton County, Texas in Cause No. 2000-02145-B.

A "pleading" is "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." *Pleading*, Black's Law Dictionary (10th ed. 2014). We hold that the State's December 11, 2014 "Notice of State's Intention to Enhance Punishment Range" satisfied the requirement articulated in *Brooks* that the enhancement had to be pled somewhere. *See Villescas v. State*, 189 S.W.3d 290, 291, 295 (Tex. Crim. App. 2006) (holding State's "notice of enhancement" describing a prior burglary conviction was sufficient notice); *Brooks*, 957 S.W.2d at 34 ("prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment"); *Hudson v. State*, 145 S.W.3d 323, 326 (Tex. App.— Fort Worth 2004, pet. ref'd) ("[T]he State's notice, which included evidence of three prior felony convictions, each specified by cause number, classification of offense, county of conviction, and date of conviction, was a sufficient pleading that gave notice of the prior convictions that would be used for enhancement of punishment."); *see also Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978) ("The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question whether he is the convict named therein."); *Williams v. State*, 172 S.W.3d 730, 736 (Tex. App.—Fort Worth 2005, pet. ref'd) (same); *cf. Throneberry v. State*, 109 S.W.3d 52, 59 (Tex. App.—Fort Worth 2003, no pet.)

("[W]e cannot conclude that an informal letter [sent by the prosecutor to defense counsel] admitted into evidence after the guilt-innocence phase constitutes a pleading in any form.").

We also hold that articles 28.10 and 28.11 of the code of criminal procedure do not apply to enhancements. Both apply to amendments to an indictment or an information. As shown by *Brooks*, enhancements are independent of an indictment or an information. *See Brooks*, 957 S.W.2d at 33–34. The United States Supreme Court has written,

> Even though an habitual criminal charge does not state a separate offense, the determination of whether one is an habitual criminal is ["]essentially independent["] of the determination of guilt on the underlying substantive offense. Thus, although the habitual criminal issue may be combined with the trial of the felony charge, ["]it is a distinct issue, and it may appropriately be the subject of separate determination.["]

*Oyler v. Boles*, 368 U.S. 448, 452, 82 S. Ct. 501, 503–04 (1962) (citations omitted) (quoting respectively *Chandler v. Fretag*, 348 U.S. 3, 8, 75 S. Ct. 1, 4 (1954), and *Graham v. West Virginia*, 224 U.S. 616, 625, 32 S. Ct. 583, 586, (1912)).

Articles 28.10 and 28.11 govern indictments and informations. Enhancements are not governed by the same rules as indictments and informations. *See Brooks*, 957 S.W.2d at 33–34; *Sheppard v. State*, No. 04-13-00037-CR, 2014 WL 2601613, at *1, *4 (Tex. App.—San Antonio June 11, 2014, pet. ref'd) (mem. op., not designated for publication) (holding that unruled-upon motion to amend indictment filed eleven months before trial provided both

7

sufficient pleading and sufficient notice); *see also Oyler*, 368 U.S. at 452, 82 S. Ct. at 503–04. We have previously declined to hold that "a separate enhancement notice that could affect punishment is a 'de facto' amendment to the indictment requiring a minimum of ten days' notice in compliance with article 28.10(a)." *Williams*, 172 S.W.3d at 736. We accordingly hold that the trial court did not err by overruling Appellant's objections based upon articles 28.10 and 28.11.

Appellate courts review the denial of a motion for continuance under an abuse of discretion standard. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 825 (1997). To show an abuse of discretion, there must be a showing of actual prejudice. *Id.* Because the State filed its notice approximately six months before trial, because the notice was all Appellant was entitled to, because Appellant acknowledged at trial and in his brief he had adequate notice, and because Appellant indicated at trial he was willing to stipulate to the enhancement—thereby showing he was aware of it and had determined not to contest it—Appellant cannot show harm. Tex. R. App. P. 44.2(b); *see Wright v. State*, 28 S.W.3d 526, 531–32 (Tex. Crim. App. 2000), *cert. denied*, 531 U.S. 1128 (2001).[2] We hold that the trial court did not abuse its discretion by denying Appellant's motion for continuance. *See id.*

---

[2]*Wright* was superseded on other grounds by statute. *See Coleman v. State*, No. AP-75478, 2000 WL 4696064, at *11 (Tex. Crim. App. Dec. 9, 2009) (not designated for publication), *cert. denied*, 562 U.S. 843 (2010).

We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT and GARDNER, JJ.; and KERRY FITZGERALD (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 30, 2016