COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-178-CR

MICHAEL DEWAYNE BOTTOMS APPELLANT

V.

THE STATE OF TEXAS APPELLEE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

In four issues, appellant Michael Dewayne Bottoms challenges the legal and factual sufficiency of the evidence to support his conviction for unauthorized use of a motor vehicle, the trial court’s failure to charge the jury on the defense of mistake of fact, and the effectiveness of his trial counsel.  We affirm.

Background Facts

On August 22 or 23, 2006, Amy Davis, a supervisor with Flo Control, an oilfield service company then located in Bridgeport, Texas, noticed that one of the company’s work trucks was missing.  She called the Bridgeport police and reported the truck stolen.  Davis testified that no one had permission to drive the truck on August 22-24, 2006.  

On August 24, 2006, Officer Robert Thetford of the Fort Worth Police Department was performing surveillance on several homes in north Fort Worth looking for stolen vehicles, house burglars, and any suspicious activity.  Officer Thetford saw a white truck parked in front of one of the houses he was watching; he knew that the persons staying at that house were “active thieves” and that police had received a report about there possibly being stolen vehicles at the house.  He ran a license plate check on the truck and found out that it was “possibly stolen.”  

While watching the house, Officer Thetford saw a man later identified as appellant, come out of the house and get into the truck.  Officers M.T. Johnson and Ernesto Tamayo arrived at the house as backup.  Although, like Officer Thetford, they were riding in an unmarked car, they were wearing black T-shirts with “Fort Worth Police” on the front, unbuttoned shirts over the T-shirts, gun belts, jeans, and tennis shoes.  They each had a weapon and a badge on their belts.  

Officers Johnson and Tamayo saw appellant back the white truck into the alley, and they followed in their unmarked car.  They parked at the entrance to the alley.  Officer Johnson got out of the car, drew his weapon, identified himself as an officer, and ordered appellant to stop the truck.  The officers were about eight to ten yards away from appellant, and Officer Johnson could see him clearly.  According to Officer Johnson, appellant looked at the officers and then accelerated in reverse down the alleyway away from the officers.  As he was driving in reverse, appellant struck two cars that were parked behind the truck at the alley’s exit; he was trying to push them out of his way.  While this was happening, the officers were yelling, “stop, police,” or “police, down, police, down,” numerous times in loud voices.  After determining that he was unable to push the cars out of the way, appellant put the truck into drive and drove directly at the officers at full speed.  The officers jumped out of the way; the truck hit a tree and then came to a stop.

Officer Johnson pulled appellant out of the truck by his feet.  Appellant kicked at and fought with the officers; eventually, another officer (who responded) had used a Taser on appellant.  The officers arrested appellant.  Davis later identified the truck as the one missing from Flo Control’s premises.   The State charged appellant with unauthorized use of a motor vehicle.  He pled not guilty, but a jury convicted him and assessed his punishment at six years’ confinement. 

Sufficiency of the Evidence

In his first two issues, appellant contends that the evidence is legally and factually insufficient to support the conviction.

Standard of Review-Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Clayton v. State
, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Standard of Review-Factual Sufficiency

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the 
verdict.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.”  
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

Applicable Law

A person commits the offense of unauthorized use of a motor vehicle if he intentionally or knowingly operates a motor-propelled vehicle without the effective consent of the owner.  
Tex. Penal Code Ann
. § 31.07(a) (Vernon 2003).  An “owner” is a person who has title to the property; possession of the  property, whether lawful or not, or a greater right to possession of the property than the actor.  
Id
. § 1.07(35)(a) (Vernon Supp. 2007).  ”Effective consent” includes consent given by a person legally authorized to act for the owner; it does not include consent “given by a person the actor knows is not legally authorized to act for the owner.”  
Id
. § 1.07(19)(b) (Vernon Supp. 2007).  Section 31.07 is not a strict liability offense. 
 
Gardner v. State
, 780 S.W.2d 259, 262 (Tex. Crim. App. 1989).  The so-called “forbidden conduct”—operating a motor vehicle—is made unlawful only when the defendant is aware of the attendant circumstances—that the operation of the vehicle is without the owner’s consent.  
Id
. at 262-63.

Appellant contends that the evidence is insufficient to prove that he did not have effective consent to operate the vehicle because he had Sonny Wilson’s permission to drive the vehicle, and Wilson had been an employee of Flo Control.  According to appellant, he did not know that Wilson did not have Flo Control’s consent to operate the vehicle; thus, he cannot be guilty of operating the vehicle without effective consent.

Davis testified at trial that Wilson was an employee of Flo Control in 2006 but that his last day of work had been August 8, 2006.  As an employee, Wilson had permission to drive the company’s vehicles, but he was not supposed to take any vehicles home with him or use them for personal business. 

Appellant testified that he had known Wilson all his life and that he had seen Wilson in the truck “all the time.”  Appellant did not know the truck was stolen, and he thought it was the company truck that Wilson had permission to drive.  Appellant contended that on August 24, 2006, he was just moving the truck to the backyard because he, Wilson, and the people who lived at the house were going to sell some copper wire that had been stolen.  He testified, “I know that Sonny did give me permission to move the vehicle.  I did not know that he did not have permission.” 

Appellant's version of events differed from the officers’.  According to appellant, he could not tell that the men in the car were police officers, nor did he hear anyone yelling out “police” or anything similar.  He was afraid for his life because he had previously been beaten with baseball bats by men to whom he owed money.  Appellant contended that he “would not have tried to run” had he known that Johnson and Tamayo were police officers.  

Appellant claims that this evidence is legally and factually insufficient to support his conviction because it shows that (1) he had Wilson’s permission to use the truck and (2) he was not actually aware that Wilson did not have Flo Control’s permission to use the truck.  According to appellant, because Wilson was in possession of the truck, under the statute he was an “owner,” and he could give appellant “effective consent” to use it.  But when the State asked appellant at trial, “Do you honestly think that the people that own these trucks would have given you or Sonny permission to have done that [haul stolen wire]?”, appellant answered, “No.”  Thus, it is a reasonable inference from the evidence that appellant was aware that Wilson did not have permission to use the truck in such a manner and, thus, that he could not give appellant “effective consent” to use the truck in that way.  
See Edwards v. State, 
178 S.W.3d 139, 144-45 (Tex. App.—Houston [1st Dist] 2005, no pet.) (stating that effective consent includes consent by a person legally authorized to act for the owner).

Additionally, the jury was entitled to disbelieve appellant’s testimony about Wilson’s alleged consent to use the truck.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  It was also entitled to believe the officers’ version about appellant’s attempt to flee and consider this evidence as consciousness of guilt, i.e., that appellant knew he did not have the owner’s effective consent to use the vehicle.  
See Smith v. State
, 118 S.W.3d 838, 841, 843 (Tex. App.—Texarkana 2003, no pet.).  Therefore, after reviewing the evidence in accordance with the applicable standards of review, we conclude and hold that the evidence is both legally and factually sufficient to support appellant’s conviction.  We overrule appellant’s first and second issues.

Lack of Jury Instruction on Mistake of Fact

In his third issue, appellant contends that the trial court erred by refusing to give an instruction in the jury charge on mistake of fact.

Standard of Review 

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32.  Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure the rights of [the] defendant,” which means no more than that there must be 
some
 harm to the accused from the error.  
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 2006); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  In other words, a properly preserved error will require reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id.
; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

An accused is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence.  
Granger v. State,
 3 S.W.3d 36, 38 (Tex. Crim. App. 1999);
 Hudson v. State, 
145 S.W.3d 323, 324-25 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the evidence fails to raise a defensive issue, the trial court commits no error in refusing a requested instruction.  
Muniz v. State, 
851 S.W.2d 238, 254 (Tex. Crim. App. 1993), 
cert. denied, 
510 U.S. 837  (1993); 
Hudson, 
145 S.W.3d at 325.

The Texas Penal Code states that mistake of fact is “a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.”  
Tex. Penal Code Ann.
 § 8.02 (Vernon 2003).  The statutory term “kind of culpability” means “culpable mental state.”  
Posey v. State, 
966 S.W.2d 57, 70 (Tex. Crim. App. 1998).  The defense arises, then, when there is evidence that a defendant’s mistaken reasonable belief about a matter of fact negated the element of the culpable mental state required for the offense.  
Id.

Analysis

Appellant was indicted for unauthorized use of a motor vehicle, that is,  intentionally or knowingly driving or operating another’s vehicle without the effective consent of the owner. 
 See 
Tex. Penal Code Ann.
 § 31.07; 
Posey, 
966 S.W.2d at 69.  Specifically, the indictment alleged that appellant intentionally operated a truck on August 24, 2006, without the effective consent of the truck’s owner, Amy Davis.  A defendant’s knowledge of the lack of consent is one of the elements which must be proven.  
Posey, 
966 S.W.2d at 69.  Thus, appellant was entitled to an instruction on the defense of mistake of fact if his mistaken belief that Wilson had authority to give him permission to use the truck negated the culpable mental state required to commit the offense of unauthorized use of a motor vehicle.

Appellant admitted to driving the truck, but he said that he believed  Wilson had authority from his employer, Flo Control, to give him permission to drive the truck.  Appellant, however, conceded at trial that he did not think that Flo Control would have given him or Wilson permission to use the truck to haul stolen wire.  Thus, even if appellant mistakenly believed that Wilson had authority to give him permission to drive the truck, his mistake would not negate the culpable mental state required to commit the offense of unauthorized use of a motor vehicle because he did not believe that Wilson could give permission to use the truck for an illegal purpose.  Therefore, the evidence did not raise the defense of mistake of fact, and the trial court did not err by refusing to instruct the jury on that defense.  
See Posey, 
966 S.W.2d at 69-70.  We overrule appellant’s third issue.

Effectiveness of Trial Counsel

In his fourth issue, appellant claims that his trial counsel was ineffective by offering “an arrest and conviction history of the appellant which exceeded anything that was admissible against” him.

Applicable Law

To succeed on an ineffective assistance of counsel claim, an appellant must show not only that counsel’s performance was deficient, but also that the deficient performance prejudiced the defense.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Garza v. State
, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007).  To demonstrate prejudice, the appellant must show a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Strickland
, 466 U.S. at 694, 104 S. Ct. at 2068; 
Garza
, 213 S.W.3d at 348. 

Appellate review of counsel’s representation is highly deferential and presumes that counsel’s actions fell within the wide range of reasonable and professional assistance.  
Bone v. State, 
77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Under normal circumstances, the record on appeal will not be sufficient to show that counsel’s representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel’s conduct was reasonable and professional.  
Id.  
The trial record will rarely contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation.  
Id.  
Further, ineffective assistance of counsel claims must be firmly founded in the record and affirmatively demonstrate the alleged ineffectiveness.  
Id. 
at 834.  When the record is silent as to possible trial strategies employed by defense counsel, we will not speculate on the reasons for those strategies.  
See Jackson v. State, 
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Analysis

Appellant contends that his counsel was ineffective because he presented to the jury, during the guilt/innocence phase, appellant’s arrest and conviction history, “which exceeded anything that was admissible.”

At trial, appellant’s counsel read a list of appellant’s numerous arrests and convictions that occurred between 2002 and 2006.  In addition, trial counsel asked appellant the reasons for engaging in this criminal activity.  Appellant testified that he behaved in that manner because he was using drugs, but he had been clean for eight or nine months.  Additionally, during his closing statement at the guilt/innocence phase of the trial, counsel argued,

I guess another reason that the State’s going to say that you shouldn’t believe him is because he has all of those priors.  But, I mean, fine, you could be suspicious of him, you can question him, but he also might be telling the truth.  Just because you have committed a crime doesn’t mean you’re suddenly incapable of ever telling the truth.  I mean, it’s kind of like the same thing that just because he committed a crime in the past doesn’t mean that he committed this crime.

Appellant argues that had counsel not discussed his prior arrests and convictions, his lengthy criminal record would not have been admissible to impeach him when he testified and that the evidence of his priors only damaged his credibility with the jury; thus, his trial counsel’s actions fell below an objective standard of reasonable representation.

This case demonstrates the “inadequacies inherent in evaluating ineffective assistance claims on direct appeal.”  
Patterson v. State, 
46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, pet. ref’d.).  Appellant’s motion for new trial did not claim ineffective assistance of counsel, and the trial court did not hold a hearing to determine whether his complaint directed at trial counsel involved actions that may or may not have been grounded in sound trial strategy.  It appears that counsel may have had a strategic reason for mentioning the offenses, perhaps in an attempt to mitigate the effect of appellant’s testimony regarding his purpose for driving the truck that day.  Consequently, we cannot determine whether counsel’s actions were valid tactical trial decisions because the record does not reflect counsel’s reasons for introducing appellant’s arrest and conviction history.  
See Bone, 
77 S.W.3d at 836; 
Patterson, 
46 S.W.3d at 306.  Moreover, there was ample evidence of appellant’s guilt; thus we do not believe there is a reasonable probability that the outcome of the trial would have been different but for any alleged error.  
Strickland
, 466 U.S. at 694, 104 S. Ct. at 2068; 
Garza
, 213 S.W.3d at 348.  We overrule appellant’s fourth issue.

Conclusion

Having overruled appellant’s four issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 21, 2008

FOOTNOTES
1:
See
 
Tex. R. App
. P. 47.4.