B. F. PECHT v. THE STATE.

· No. 4686.   Decided November 14, 1917.

</div>

**1.—Unlawfully Carrying a Pistol—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of unlawfully carrying a pistol, the evidence was sufficient to sustain a conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Imminent Danger—Rule Stated.**

The accused can not justify carrying a pistol on the ground of imminent danger when he had no such apprehension at the time he armed himself. Following Darby v. State, 23 Texas Crim. App., 407, and other cases. Besides, the court submitted this question to the jury, who found against defendant.

**3.—Same—Remarks by Court.**

Upon trial of unlawfully carrying a pistol, the court admonished the defendant, who was a witness, that he must answer the questions propounded to him by the State's counsel without any other statement, there was no reversible error on this ground.

**4.—Same—Traveler—Charge of Court—Question of Fact.**

Where, upon trial of unlawfully carrying a pistol, the defendant contended that he was a traveler and this question was submitted by the court to the jury in every way favorable to the defendant, and to which he did not object, this was a question of fact for the jury, and there was no error on that ground. Following Campbell v. State, 58 Texas Crim. Rep., 349, and other cases.

**5.—Same—Traveller—Rule Stated.**

Even though the accused may be a traveler, if he deflects and turns aside from his journey, the fact that he may be a traveler originally does not exempt him from punishment.

Appeal from the County Court of Williamson. Tried below before the Hon. Richard Critz.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Dan Moody,* for appellant.—On question of self-defense: Oliver v. State, 33 S. W. Rep., 1077.

On question of traveler: Featherstone v. State, 24 S. W. Rep., 647; Irvin v. State, 51 Texas Crim. Rep., 52, 100 S. W. Rep., 779; Hunt v. State, 52 Texas Crim. Rep., 477, 107 S. W. Rep., 842; Campbell v. State, 58 Texas Crim. Rep., 349, 125 S. W. Rep., 893; Mays v. State, 51 Texas Crim. Rep., 32, 101 S. W. Rep., 233; Waterhouse v. State, 62 Texas Crim. Rep., 551, 138 S. W. Rep., 386; Davis v. State, 77 Texas Crim. Rep., 598, 175 S. W. Rep., 1073.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of unlawfully carrying a pistol on or about his person. The testimony shows that on June 5, 1916, the appellant took his trunk and went to Taylor, claiming that he was going from there to Fort Worth and perhaps beyond. After he got to Taylor he stored his trunk and then in a wagon went from Taylor some eleven miles or more in the country; that he visited different parties there, going from place to place and reached a small village called Rice Crossing, where he stopped and got something to eat. About the time he finished eating in the store, J. M. Kuykendall and Tom Avery reached there and went in to get a cold drink. Appellant then raised a row with said Avery, cursing and abusing him and called him a liar. Kuykendall, Avery's friend, told Avery he would not take such abuse and cursing and to get an ax handle and strike him. Thereupon appellant and Kuykendall got into a row and Kuykendall threw a soda water bottle at him. There were only three witnesses to all this: Kuykendall, Tom Avery, and Arthur Barton, the storekeeper. Kuykendall and Avery both swore positively that appellant then drew from his person a pistol, both swearing they saw it and that he drew it from off his person and was in the act of presenting it towards Kuykendall at the time. The storekeeper swore that Avery was between him and appellant at the time, and that while he saw him make a motion as if to draw a weapon that he, himself, did not see the weapon because Avery was between him and appellant. The storekeeper further swore that both Avery and Kuykendall said in appellant's presence that he had a pistol and Pecht did not deny it.

Pecht himself swore he had no pistol on that occasion or any other. He introduced several witnesses who saw him at other places during the day and their testimony was to the effect that they did not see any pistol on his person or him have a pistol when they saw him on these different occasions and at these different places other than at said store.

Without doubt the evidence was sufficient to sustain the conviction. Every issue that was raised, or claimed to be raised by appellant, was submitted by the court to the jury in his charge, to which charge there was no objection whatever.

The State at first only introduced Kuykendall, who, as stated, swore positively that appellant had a pistol on his person and drew it on him.

Thereupon the appellant had the jury retired and moved the court to instruct the jury to return a verdict of not guilty, claiming that the testimony showed that if he had a pistol he had it in his own proper self-defense as an attack was being made upon his person and he claimed that the danger was pressing and there was no immediate opportunity to have the aggressor placed under arrest, which motion the court correctly overruled.

The law is, that an accused can not justify carrying a pistol on the ground of imminent danger when he had no such apprehension at the time he armed himself. Darby v. State, 23 Texas Crim. App., 407; Brownlee v. State, 35 Texas Crim. Rep., 213; Hood v. State, 72 S. W. Rep., 592; Thompson v. State, 48 Texas Crim. Rep., 146. The court, however, submitted this question to the jury for a finding in a charge to which he did not except and the jury found against him.

Appellant testified in his own behalf. On cross-examination by the attorney for the State, this occurred: "Q. Did you see him at all from the fall prior to June 5th? A. Yes. You mean from the fall until June 5th? Q. Yes. A. No, I don't know that I saw him. I passed his place but never stopped. Q. Hu? A. I passed his place but I never stopped. Q. Never saw him? A. No, sir. Q. Now, when was the last time prior to last fall when you talked to him? A. This last fall a year ago, you mean? I want to be plainly understood. I don't want you to do any more like you did before. Q. I don't know how I did before, but I am going to do as I please about it this time. The court: Mr. Witness, you answer the questions that are asked without any other statement. Mr. Moody: Note the defendant's exception to the remarks of the court. Q. When did you see him last prior to last fall a year ago and talk to him? A. And talk to him? I don't know that I talked to him nary time between them times. To which action of the court in so admonishing the said defendant, while a witness in his own behalf, the defendant then and there in open court excepted." This shows no reversible error.

Appellant contends that he was a traveler and that on that account, even if he carried a pistol, as testified to by the State's witnesses, he had the right to do so as a traveler. This question was also submitted by the court in his charge to the jury in every way favorable to appellant and to which he in no way excepted. It has uniformly been held by this court, as stated by Mr. Branch in his 1 Ann. P. C., sec. 976, that, "whether or not a defendant is a person traveling is a question for the jury," citing Shelton v. State, 27 Texas Crim. App., 443; Campbell v. State, 58 Texas Crim. Rep., 349; Williams v. State, 75 Texas Crim. Rep., 56, 169 S. W. Rep., 1154; Younger v. State, 76 Texas Crim. Rep., 243, 173 S. W. Rep., 1039; and also that even though he may be a traveler where he deflects and turns aside from his journey on business or pleasure disconnected with his journey the fact that he may be a traveler originally does not exempt him from punishment. 1 Branch's Ann. P. C., sec. 977, where he collates a large number of cases. The

evidence would clearly justify the jury to find against appellant both that he was not a traveler at the time he carried the pistol on this occasion, but that even if he was he so deflected from his journey on business or pleasure disconnected therewith so as to show that he was not entitled to acquittal on that ground.

The judgment is affirmed.                         *Affirmed.*