Hatem A. AYESH, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–86–195–CR.

Court of Appeals of Texas,
Austin.

June 17, 1987.

Floyd McGough, Temple, for appellant.

Patrick J. Ridley, Co. Atty., and Peter T. Hamer, Asst. Co. Atty., Belton, for appellee.

Before SHANNON, C.J., and SMITH[1] and ABOUSSIE, JJ.

SMITH, Justice (Retired).

Hatem A. Ayesh appeals from a conviction for unlawfully carrying a weapon under Tex.Pen.Code Ann. § 46.02 (1974). Appellant argues two points of error asserting he should not have been convicted because he established a defense under Tex. Pen.Code Ann. § 46.03 (1974). The relevant portion of that statute provides it is not unlawful to carry a weapon while "traveling." We affirm.

Appellant testified that he and his brother are traveling salesmen who sell novelties throughout Texas and other states. On June 17, 1985, they were stopped by police acting on a report that appellant had shot at a car. A search of the van they were driving revealed a .38 cal. pistol. Appellant was charged with unlawfully carrying that

weapon and admitted possession of the gun at trial.

Appellant testified he and his brother were traveling from Harker Heights to Austin. The two had stayed the previous night in a motel in Belton. Earlier on the evening of the instant arrest, appellant had been involved in an altercation at a night club. This event resulted in appellant's arrest for selling without a license. Appellant apparently paid his fine and was released. Later that same evening, a participant in the earlier altercation reported that appellant shot at him shortly after appellant was released by the police.

The individual who reported the shooting described the incident at trial. That witness, Marlin Millican, stated that, while he was returning home, a white van resembling appellant's passed him on the road. The van then slowed to a stop in his path and two individuals emerged. Both individuals were armed, one with a pistol and the other with a "club-like object." As the men approached his vehicle, Millican effected an escape by driving around them. He further testified that one man shot at him as he drove away. This incident was immediately reported to the police, and appellant was stopped a short time later. At trial, Millican identified the man armed with a pistol as appellant and the other individual as appellant's brother.

Carrying a handgun is a class A misdemeanor under Tex.Pen.Code Ann. § 46.-02(a) (1974). An exception to the statute is established by Tex.Pen.Code Ann. § 46.03 (1974), which provides that "[t]he provisions of Section 46.02 of this code do not apply to a person: ... (3) traveling." This exception is made a defense to prosecution under Tex.Pen.Code Ann. § 2.03(e) (1974). Thus, the State had no duty to introduce affirmative controverting evidence to rebut the defensive theory, and the jury could properly disbelieve appellant's testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Cr.App.1978).

**1.** Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex. Gov't Code § 73.012 (Supp.1987).

"Traveling" under § 46.03(3) is not defined by statute and the precise meaning of the term has been the subject of much debate. *See generally* Newman, *A Farewell to Arms?—An Analysis of Texas Handgun Control Law,* 13 St. Mary's L.J. 601, 607 (1982); *see also Smith v. State,* 630 S.W.2d 948, 951 (Tex.Cr.App.1982) (cases in "hopeless confusion"). The exception has, however, been in existence in Texas since enactment of the first proscription on carrying of handguns under Art. 484, Vernon's Ann.Pen.Code (1871), thus, there have been numerous judicial interpretations of it.

Generally, the "traveling" exception to the prohibition on carrying weapons applies to persons on a journey which takes them some distance from their home in excess of 35 miles, *Wortham v. State,* 95 Tex.Cr.R. 135, 252 S.W. 1063, 1064 (1921), or 40 miles, *George v. State,* 90 Tex.Cr.R. 179, 234 S.W. 87, 89 (1923) and the trip must typically be overnight. *Vogt v. State,* 159 Tex.Cr.R. 211, 258 S.W.2d 795, 796 (1953). The exception has also been applied to those in the process of moving from one home to another. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Cr.App.1978). Deviation from the business of the journey will, however, terminate traveler status. *Tadlock v. State,* 124 Tex.Cr.R. 637, 64 S.W.2d 963, 964 (1933) (attempted burglary); *Pecht v. State,* 82 Tex.Cr.R. 136, 199 S.W. 290, 291 (1917) (picked a fight); *Cruz v. State,* 76 S.W. 435, 436 (Tex.Cr.App.1903) ("raised a difficulty with an adversary"); *Stilly v. State,* 27 Tex.App. 445, 11 S.W. 458 (1889) (gambling). For one may not carry a pistol idly, or merely for the sake of carrying it, or for some unlawful purpose. *Johnson, supra* at 172.

As noted above, the State was not required to introduce evidence controverting appellant's assertion of "traveler" status. Whether this status was established was a question of fact for the jury. *Smith v. State, supra* at 950. In reviewing the sufficiency of the evidence to support a conviction, the appellate court must view the evidence in the light most favorable to the verdict. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Cr.App.1984). If, after viewing the evidence in this light, a rational trier of fact could have found all elements of the offense beyond a reasonable doubt, then the evidence is sufficient to support the conviction. *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex.Cr.App.1983).

The jury, as sole judge of the credibility of the witnesses, could accept or reject any part of the testimony and could have disbelieved appellant's defensive evidence. *Johnson v. State,* supra at 173. Moreover, while the State had no burden to present any evidence rebutting appellant's defense, the testimony of Millican showed a deviation from the legitimate ends of appellant's travel if indeed he was "traveling." We hold the jury could have properly concluded appellant was not "traveling" or had ceased "traveling" at the time he accosted Millican. Thus, any justification he might have had for carrying a weapon under § 46.03(a) also ceased to exist at that time.

The judgment of the trial court is affirmed.