COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-174-CR
 
 
ROBERT WILLARD HUDSON, JR.                                             APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        Robert 
Willard Hudson, Jr. appeals his conviction for assault causing bodily injury. 
After a jury trial, the trial court sentenced him to ninety days’ confinement 
and a $1,500 fine.
        On 
appeal, Hudson raises five points that generally challenge the trial court’s 
failure to submit to the jury an instruction on the law of defense of property 
and its imposition of an enhanced sentence because notice of enhancement was 
untimely. Because we determine that Hudson was not entitled to an instruction on 
defense of property at trial, we affirm his conviction. However, because we also 
determine that Hudson was harmed by the State’s failure to provide timely 
notice of enhancement, we reverse the trial court’s judgment on punishment and 
remand for a new punishment trial.
BACKGROUND FACTS
        On 
May 7, 2002, Ricky Robles, a roofing superintendent, drove through a parking lot 
en route to a job site in Flower Mound. The parking lot was between a swimming 
pool under construction and a model home. Hudson was the supervisor of the 
construction site where the swimming pool was being built. As Robles drove 
through the parking lot, Hudson waved him down. Hudson told Robles that he could 
not drive through the parking lot. When Robles asked why, Hudson said, 
“Because I said so.” Hudson further told Robles that he was the owner of the 
property. Robles said, “You’re not the owner” and attempted to roll up his 
window and leave. Testimony differed as to whether Hudson then pulled Robles 
from his truck or whether Robles jumped out and attacked Hudson.
        When 
police arrived, Hudson told Flower Mound police officer Ronnie Madeiros that 
Robles got belligerent, cursed at Hudson, grabbed and threw Hudson’s cell 
phone, then jumped out of his truck and attacked Hudson. According to Robles, 
Hudson opened Robles’s passenger door, grabbed Robles by his shirt, neck, and 
hair, and dragged Robles out of his truck. John Graham, an on-site electrician, 
agreed with Hudson’s version of events that Robles came out of his truck and 
attacked Hudson, but could not say who grabbed whom first or who threw the first 
punch. Another on-site electrician, Douglas Bloxam, testified that “[w]hen 
[he] saw the truck, there was this Mexican on top of [Hudson] outside of the – 
of the door of the truck” and he “noticed that [Hudson] was trying to keep 
Mr. Robles from hitting him.” However, Hudson’s immediate supervisor, Ryan 
Dillinger, testified that he saw a phone fly out of the passenger side of 
Robles’s truck, then witnessed Hudson pulling Robles out of the truck and the 
two men beginning to wrestle on the ground.
        The 
State later charged Hudson with assault on Robles, and a jury found him guilty.
ANALYSIS
I. Did the trial court err in failing to instruct the 
jury on defense of property?
 
        An 
accused is entitled to an instruction on any defensive issue raised by the 
evidence, whether that evidence is weak or strong, unimpeached or contradicted, 
and regardless of what the trial court may think about the credibility of the 
evidence. Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); Hamel 
v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); see Tex. Code Crim. Proc. Ann. arts. 36.14, 
36.19 (Vernon 1981 & Supp. 2004). However, if the evidence does not raise an 
issue on the defense, an instruction is not required. Dyson v. State, 672 
S.W.2d 460, 463 (Tex. Crim. App. 1984). When there is no evidence of a belief 
that force is needed to defend property, a criminal defendant is not entitled to 
a jury instruction on defense of property. See Evans v. State, 876 S.W.2d 
459, 465 (Tex. App.—Texarkana 1994, no pet.).
        Here, 
Hudson was not entitled to an instruction on defense of property because there 
was no evidence that the use of force was immediately necessary to terminate a 
trespass or interference with property.[1]  
Robles testified that he intended to drive through the parking lot. There was no 
evidence that Robles threatened to remain on the property or damage it. In fact, 
the evidence shows that Hudson grabbed the window of Robles’s truck, 
preventing Robles from leaving the property. In addition, Officer Madeiros 
testified that Hudson told him that Hudson confronted Robles because he was 
tired of people driving through the parking lot, which was private property.
        Because 
we hold that Hudson was not entitled to a defense of property instruction, we 
overrule his first and second points.
        II.     Did 
the trial court reversibly err in assessing an enhanced sentence because notice 
of intent to seek an enhanced sentence was untimely?
 
        Hudson’s 
trial began on April 21, 2003, and the guilt-innocence phase was concluded April 
22. The punishment phase began on April 29, 2003. The State did not file its 
“State’s Notice of Intent to Seek Enhanced Punishment Under Section12.43, 
Texas Penal Code” until April 29, 2003. According to the certificate of 
service, as well as Hudson’s counsel, the notice was served on Hudson’s 
counsel April 23, 2003.
        The 
State argues that notice given six days before the beginning of the punishment 
phase of the trial represented timely notice of its intention to use prior 
convictions for enhancement purposes under section 12.43 of the Texas Penal 
Code. Tex. Penal Code Ann. § 
12.43 (Vernon 2003). We disagree.
        An 
accused has a right to be advised that a greater penalty than is available for 
the charged offense is to be sought. Hollins v. State, 571 S.W.2d 873, 
876 (Tex. Crim. App. 1978). In Brooks v. State, the court of criminal 
appeals held that such notice need not be pled in the indictment itself to be 
considered proper notice, so long as the State pled its notice of intent to 
enhance “in some form” prior to trial. 957 S.W.2d 30, 34 (Tex. Crim. App. 
1997).
        Here, 
the State’s notice, which included evidence of three prior felony convictions, 
each specified by cause number, classification of offense, county of conviction, 
and date of conviction, was a sufficient pleading that gave notice of the prior 
convictions that would be used for enhancement of punishment. See Id. 
at 33-34; Sears v. State, 91 S.W.3d 451, 454-55 (Tex. App.—Beaumont 
2002, no pet.). But cf. Throneberry v. State, 109 S.W.3d 52, 58-59 
(Tex. App.—Fort Worth 2003, no pet.) (holding that informal letter sent to 
defendant’s counsel was not a sufficient pleading and thus was not proper). 
However, we conclude that providing notice to Hudson’s counsel six days before 
the punishment phase of the trial did not constitute timely notice.
        As 
both the State and Hudson point out, there is no case law directly on point. 
However, the State refers to an unpublished case by our sister court in Dallas 
that held that notice given seven days before the guilt-innocence phase of 
trial represented “ample notice.” Castilla v. State, No. 
05-01-01776-CR, 2002 WL 31261741, at *4 (Tex. App.—Dallas Oct. 10, 2002, no 
pet.) (not designated for publication). Here, notice was served on Hudson’s 
counsel on April 23, 2003, one day after the conclusion of guilt-innocence.
        Similarly, 
in Fairrow v. State, the court held that notice given on the day of 
the trial was not timely. 112 S.W.3d 288, 295 (Tex. App.—Dallas 2003, no 
pet.). And in Sears, the court held that notice given to the defendant 
sometime on Friday before the trial began on Monday did not satisfy the 
defendant’s right to timely prior notice. 91 S.W.3d at 455.
        While 
neither Fairrow nor Sears suggests a certain time frame, we agree 
with their reasoning that “[n]otice is presumptively ‘reasonable’ if given 
at least ten days before trial.” Fairrow, 112 S.W.3d at 294; Sears, 
91 S.W.3d at 455; see Tex. Code 
Crim. Proc. Ann. art. 1.051(e) (Vernon Supp. 2004) (providing that 
appointed counsel is entitled to ten days to prepare for a proceeding), art. 
28.10(a) (Vernon 1989) (providing that, upon request, a defendant is allowed ten 
days to respond to an amended indictment or information); Campbell v. State, 
456 S.W.2d 918, 920 n.3 (Tex. Crim. App. 1970) (holding that probationer is 
entitled to copy of revocation motion at least ten days before hearing).
        Here, 
although notice was given to Hudson’s counsel six days before the punishment 
phase of the trial, no notice was given before guilt-innocence began. Therefore, 
relying on Fairrow and Sears, we hold that notice in this case was 
untimely.
        Having 
determined that the trial court erred in enhancing Hudson’s punishment, we 
must next address whether that error is reversible. See Tex. R. App. P. 44.2.[2]  
Because of the enhancement, Hudson received a statutory minimum sentence of 
ninety days in jail. Misdemeanor assault carries a maximum sentence of one year, 
with no minimum sentence. See Tex. 
Penal Code Ann. §§ 12.21(2), 22.01(b) (Vernon 2003 & Supp. 
2004-05). But enhanced punishment for this offense carries a minimum ninety-day 
sentence with the same one year maximum. See id. § 12.43(a)(2).
        The 
trial court assessed the minimum jail sentence possible for the enhanced 
offense. Without the enhancement, the trial court could have assessed a lower 
punishment closer to the minimum sentence for the charged offense. See Sims 
v. State, 84 S.W.3d 768, 781 (Tex. App.—Dallas 2002, pet. ref’d). Thus, 
we cannot conclude under either rule 44.2(a) or (b) that this error did not harm 
Hudson. Tex. R. App. P. 44.2(a), 
(b); see Fairrow, 112 S.W.3d at 295 (addressing harm under rule 44.2(b)); 
Sears, 91 S.W.3d at 455 (addressing harm under rule 44.2(a)); Sims, 
84 S.W.3d at 781 (addressing harm for improper enhancement under both 44.2(a) 
and (b)).
        The 
State contends that Hudson cannot show harm because he did not claim he was 
surprised by the notice of enhancement or that he was unable to prepare an 
adequate punishment defense. However, the record shows that, with the State’s 
knowledge, the punishment phase was postponed until April 29 because Hudson’s 
counsel had a hearing on April 23, a trial on April 24 and 25, and another 
hearing on April 28. The State had proposed holding the punishment phase 
immediately after guilt-innocence “if they’ll [Hudson and his counsel] 
stipulate to the criminal history,” but the trial court granted Hudson’s 
request to postpone the punishment phase to April 29. Thus, it appears the State 
took advantage of the postponed punishment phase to file its notice of intent to 
enhance.[3]
        We 
sustain Hudson’s third and fourth points.
CONCLUSION
        Because 
we hold that Hudson was not entitled to a defense of property instruction, we 
affirm the trial court’s judgment as to Hudson’s guilt. However, because we 
also hold that the State failed to give Hudson timely notice of its intent to 
seek an enhanced punishment and that Hudson was harmed by that failure, we 
reverse the trial court’s judgment on punishment and remand to the trial court 
for a new trial on punishment.
  
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   
  
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: August 19, 2004

 
NOTES
1.  See 
Tex. Penal Code Ann. § 9.41(a) 
(Vernon 2003) (providing that “[a] person in lawful possession of land or 
tangible, movable property is justified in using force against another when and 
to the degree the actor reasonably believes the force is immediately necessary 
to prevent or terminate the other's trespass on the land or unlawful 
interference with the property”); see also id. § 9.43, which 
provides as follows:
A 
person is justified in using force or deadly force against another to protect 
land or tangible, movable property of a third person if, under the circumstances 
as he reasonably believes them to be, the actor would be justified under Section 
9.41 or 9.42 in using force or deadly force to protect his own land or property 
and:
(1) 
the actor reasonably believes the unlawful interference constitutes attempted or 
consummated theft of or criminal mischief to the tangible, movable property; or
(2) 
the actor reasonably believes that:
(A) 
the third person has requested his protection of the land or property;
(B) 
he has a legal duty to protect the third person’s land or property; or
(C) 
the third person whose land or property he uses force or deadly force to protect 
is the actor’s spouse, parent, or child, resides with the actor, or is under 
the actor’s care.
   
2.  
While Hudson contends in a separate point that his Sixth and Fourteenth 
Amendment rights were violated, in addressing harm, he fails to argue this 
point. Hudson’s basis for this argument includes only a reference to Sears. 
However, Sears merely states that this type of error is constitutional, 
but fails to provide any reasoning for its decision. 91 S.W.3d at 455. Because 
we conclude that it is error and is reversible under either rule 44.2(a) or (b), 
we do not address Hudson’s fifth point. See Tex. R. App. P. 47.1.
3.  
Although the State discussed with the trial court its intention to offer 
evidence of Hudson’s prior convictions at punishment, it made no mention of 
any intent to use the convictions for enhancement purposes. See Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(a)(1) (Vernon Supp. 2004) (providing that evidence of defendant’s prior 
criminal history may be admitted into evidence during punishment).