Opinion filed July 9, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 9, 2009

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00025-CV 

                                                     __________

 

                             IN
THE MATTER OF A.G., A JUVENILE

 



 

                                         On
Appeal from the 279th District Court

 

                                                       Jefferson
County, Texas

 

                                                Trial
Court Cause No. F-10591-J

 



 

                                                                   O
P I N I O N

 

In
four points, A.G.,  a juvenile, challenges the trial court=s judgment modifying
disposition and committing him to the Texas Youth Commission (TYC).  We reverse
and remand.

                                                              Factual
Background








On
July 10, 2007, appellant pleaded Atrue@ to an allegation that he
used a vehicle to intentionally flee from police officers who were attempting
to detain him on November 22, 2006.  The incident occurred when appellant was
sixteen years old.  Had appellant been an adult, the offense could have
constituted a felony.  Tex. Penal Code
Ann. ' 38.04
(Vernon 2003).  The trial court placed appellant on community supervision for
one year in his father=s
custody.  The conditions of appellant=s
community supervision included not violating any laws of the State of Texas;
attending school daily; reporting to his community supervision officer; obeying
curfew; and not associating with negative peers.

Approximately
six weeks after being placed on community supervision for the felony-level
allegation, Officer Keith Perkins of the Port Arthur Police Department encountered
appellant and three other  males walking in the middle of the roadway in the
600 block of San Jacinto.  Officer Perkins was responding to a report of
subjects carrying guns in the neighborhood.  Officer Perkins received this
report at 7:51 p.m. on August 26, 2007.  When Officer Perkins asked the
individuals if they had any weapons, appellant informed him that he had a
knife.  Appellant removed a machete from the waistband of his clothing and gave
it to Officer Perkins.  Officer Perkins arrested appellant for unlawfully
carrying a weapon, to-wit:  an illegal knife with a blade longer than five and
one-half inches.  Tex. Penal Code Ann. '' 46.01(6), 46.02 (Vernon Supp. 2008).

The
State filed a petition to modify disposition based upon the allegation that
appellant  violated the terms and conditions of community supervision by
violating a law of the State of Texas by virtue of his subsequent arrest for
unlawfully carrying a weapon and that he violated curfew by failing to be home
by 7:00 p.m. on the day he was arrested.  Appellant was still sixteen years old
when the subsequent arrest was made.  He turned seventeen years old prior to
the adjudication hearing conducted on November 20, 2007, by the trial court on
the State=s petition
to modify disposition.

Appellant
contested the State=s
allegations by attempting to establish the Atraveling@ defense to the weapon
allegation.  He testified that he found the knife while walking to his friend=s house to retrieve a shirt
for school the next morning.  He contended that he picked up the knife because
he thought it was a collector=s
item.  Appellant asserted that he was returning to his home when he was stopped
by Officer Perkins and that he was never more than 600 to 700 feet from his
home.  The trial court rejected appellant=s
defensive theories by finding the State=s
alleged community supervision violations to be Atrue.@  After a disposition
hearing conducted on November 21, 2007, the trial court committed appellant to
TYC for an indeterminate period not to exceed his nineteenth birthday.

                                                              Standard
of Review








Juvenile
courts are vested with broad discretion in determining whether to modify the
disposition of juveniles found to have engaged in delinquent conduct.  See
In re D.R., 193 S.W.3d 924, 924 (Tex. App.CDallas
2006, no pet.); In re P.L., 106 S.W.3d 334, 337 (Tex. App.CDallas 2003, no pet.).  In
reviewing the trial court=s
decision, we examine the entire record to determine whether the trial court
acted unreasonably or arbitrarily or without reference to any guiding rules or
principles.  See In re D.R., 193 S.W.3d at 924;  In re K.B., 106
S.W.3d 913, 915 (Tex. App.CDallas
2003, no pet.).

                                                              ATraveling@ Defense

Appellant
asserts in his first point that the trial court erred in not sustaining his
affirmative defense of traveling to the allegation of unlawfully carrying a
weapon.  A person commits an offense under Penal Code Section 46.02 if he Aintentionally, knowingly,
or recklessly carries on or about his or her person [an] . . . illegal knife.@  However, Section 46.02
does not apply to a person who is traveling.  Tex.
Penal Code Ann. '
46.15(b)(3) (Vernon Supp. 2008).  The traveling exclusion from Section 46.02
has the procedural and evidentiary consequences of a defense.  Illingworth
v. State, 156 S.W.3d 662, 664 (Tex. App.CFort
Worth 2005, no pet.) (citing Tex. Penal
Code Ann. ' 2.03(e)
(Vernon 2003)). Consequently, once the defendant produces some evidence that
supports the defense, the State bears the burden of persuasion to disprove the
raised defense.  Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App.
2003) (citing Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App.
1991)). However, A[t]he
burden of persuasion is not one that requires the production of evidence,
rather it requires only that the State prove its case beyond a reasonable
doubt. When a [factfinder] finds the defendant guilty, there is an implicit
finding against the defensive theory.@ 
Id.  (citation omitted).  In other words, the State has Ano duty to introduce
affirmative controverting evidence to rebut the defensive theory.@  Ayesh v. State,
734 S.W.2d 106, 107 (Tex. App.CAustin
1987, no pet.).  Rather, the State satisfies its burden of proof if Athe [factfinder] could
properly disbelieve appellant=s
testimony@ on the
issue.  See id. (citing Johnson v. State, 571 S.W.2d 170, 173
(Tex. Crim. App. 1978)).








The
legislature has never defined what Atraveling@ means, and its precise
meaning has been the subject of much debate.  See Ayesh, 734 S.W.2d at
108.  Texas courts have generally distinguished Atraveling@ based on the distance and
duration of the trip.  See Birch v. State, 948 S.W.2d 880, 882 (Tex. App.CSan Antonio 1997, no
pet.).  Some cases have suggested that crossing county lines establishes
traveling, see Illingworth, 156 S.W.3d at 665 (citing Ballard v.
State, 167 S.W. 340, 340 (Tex. Crim. App. 1914)), but this is not a
categorical rule, see Perez v. State, 87 S.W.3d 648, 652‑53 (Tex.
App.CSan Antonio 2002,
no pet.).  The Austin Court of Appeals observed that the traveling exception
generally Aapplies to
persons on a journey which takes them some distance from their home in excess
of 35 miles, or 40 miles, and the trip must typically be overnight.@  Ayesh, 734 S.W.2d
at 108 (citations omitted).  We conclude that the trial court could have
properly disbelieved appellant=s
testimony that he was traveling.  He was only a short distance from his home,
and he was not traveling overnight.  Furthermore, the presence of three other
individuals walking along with appellant at the time that Officer Perkins
stopped him is a fact that contradicts his contention that he was simply
returning home with a knife that he just found while walking to a friend=s house.  Appellant=s first point is overruled.

                                                                   Curio
Defense

In
his second point, appellant contends that the trial court erred in not
sustaining his contention that the knife was a curio.  However, appellant does
not cite any authority that carrying a knife that might constitute a collector=s item is an exception to
prosecution under Section 46.02.  In this regard, the Penal Code provides a Acurio@ exception for firearms,
but it does not provide a similar exception for illegal knives.  Tex. Penal Code Ann. ' 46.01(3), (6) (Vernon
Supp. 2008).  In his argument in support of the second issue, appellant
contends that the State failed to meet its burden because it did not show that
he used, exhibited, or brandished the knife in a threatening manner.  We
disagree.  Section 46.02 does not require evidence that the accused used a
weapon in any particular manner.  A person is guilty of unlawfully carrying a
weapon by merely carrying it on or about his or her person.  Appellant=s second point is
overruled.

                                                   Tex.
Fam. Code Ann. 54.05(f)

Appellant
asserts in his third point that the trial court erred in committing him to TYC
because the State failed to prove that he violated a reasonable and lawful
order of the court.  Tex. Fam. Code Ann.
' 54.05(f)
(Vernon 2008) provides in relevant part as follows:

Except
as provided by [Tex. Fam. Code Ann.
' 54.05(j) (Vernon
2008)], a disposition based on a finding that the child engaged in delinquent
conduct that violates a penal law of this state or the United States of the
grade of felony may be modified so as to commit the child to the Texas Youth
Commission if the court after a hearing to modify disposition finds by a
preponderance of the evidence that the child violated a reasonable and lawful
order of the court.








Thus, a
modification order may provide for commitment to TYC if the original disposition
was for conduct constituting a felony and the trial court finds the child
violated a reasonable and lawful order of the court.  In re J.P., 136
S.W.3d 629, 631 (Tex. 2004).

We
have previously determined that the trial court did not err in failing to
sustain appellant=s
defenses to the allegation that he violated a law of this State by unlawfully
carrying a weapon.  The evidence supporting a finding of Atrue@ to the allegation is ample given the fact
that appellant was carrying a knife in his waistband that had a blade longer
than five and one-half inches.  The trial court additionally found that
appellant violated the curfew provision of his terms and conditions of
community supervision, and appellant has not challenged this finding on
appeal.  Accordingly, the trial court did not err in determining that appellant
violated a reasonable and lawful order of the court.  Appellant=s third point is overruled.

                                                  Tex.
Fam. Code Ann. 54.05(m)








In
his fourth point, appellant contends that the trial court erred in committing
him to TYC because the evidence was insufficient to support a finding that Aall reasonable
efforts@ had been
expended to prevent his placement outside his home (emphasis added).  The
decision to commit a child to TYC is a discretionary decision of the trial
court subject to review for an abuse of that discretion. In re J.P., 136
S.W.3d at 632.  We apply the civil standards in reviewing the legal and factual
sufficiency of the evidence supporting a juvenile court=s disposition decision.  In re T.E.G.,
222 S.W.3d 677, 678-79 (Tex. App.CEastland
2007, no pet.).  In our legal sufficiency analysis of the juvenile court=s fact findings, we apply
the City of Keller requirements: we consider the evidence in the light
most favorable to the findings and indulge every reasonable inference that
supports them; we credit favorable evidence if a reasonable trier of fact could
and disregard contrary evidence unless a reasonable trier of fact could not; we
recognize that the trier of fact is the sole judge of the witnesses= credibility and the weight
to be given their testimony; and we cannot substitute our judgment for that of
the trier of fact so long as the evidence falls within the zone of reasonable
disagreement.  City of Keller v. Wilson, 168 S.W.3d 802, 821-28 (Tex.
2005).  With respect to the factual sufficiency of the evidence, we consider
and weigh all the evidence and set aside the juvenile court=s determination only if it
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In
re J.D.P., 85 S.W.3d 420, 426 (Tex. App.CFort
Worth 2002, no. pet.); In re T.K.E., 5 S.W.3d 782, 785 (Tex. App.CSan Antonio 1999, no
pet.).

Tex. Fam. Code Ann. ' 54.05(m) (Vernon 2008)
provides in relevant part as follows:

If
the court places the child on probation outside the child=s home or commits the child
to the Texas Youth Commission, the court:

 

(1)
shall include in the court=s
order a determination that:

 

(A)
      it is in the child=s
best interests to be placed outside the child=s
home;

 

(B)
      reasonable efforts were made to prevent or eliminate the need for the
child=s removal from
the child=s home and
to make it possible for the child to return home;  and

 

(C)
      the child, in the child=s
home, cannot be provided the quality of care and level of support and
supervision that the child needs to meet the conditions of probation[.]

 

Accordingly,
appellant appears to be challenging the determination required by
Section 54.05(m)(1)(B) that reasonable efforts were made to prevent or
eliminate the need for the child=s
removal from the child=s
home.[1]

The
only evidence offered by the State at the disposition hearing consisted of a
report prepared by appellant=s
community supervision officer.  See Tex.
Fam. Code Ann. ' 54.05(e)
(Vernon 2008).  This report stated in relevant part as follows:

EXISTING
CONDITIONS:

. .
. .

 

On
September 19, 2007, it was determined in a Case Review that the Texas Youth
Commission would be most beneficial to [appellant] being that he is 17 years
old and was very recently adjudicated and had already received an additional
offense involving a weapon.

 








PROBATION OFFICER=S OPINION:

 

In this officer=s opinion, [appellant] made
a foolish judgment that he has learned was definitely the wrong thing to do,
unfortunately due his being 17 years old [sic] and riding the fence of
childhood and adulthood this department has little left to offer him.

 

SUMMARY AND RECOMMENDATION:

 

[Appellant], age
17, was placed on Delinquent Court Probation on July 10, 2007 for the offenses
of Evading Arrest with a Vehicle and Evading Arrest.

 

On November 22,
2006, [appellant] committed the offense of Evading Arrest with a Vehicle, which
is a felony.  He was adjudicated for this offense on July 10, 2007 and received
a disposition of Delinquent Court Probation.

 

It is believed
that [appellant] has engaged in delinquent conduct and is in need of
rehabilitation.  Therefore, it is the recommendation of the Jefferson County
Juvenile Probation Department that:

 

1.         [Appellant]
be committed to the care, custody and control of the Texas Youth [Commission]
because it is in the best interest of the child; and the child, in the child=s homes [sic], cannot be
provided the quality of care and level of support and supervision that the
child needs to meet the conditions of probation.

 

Appellant called
his current community supervision officer as a witness at the disposition
hearing.  She denied hearing any discussions in the community supervision
department about reasonable efforts that could be made to return appellant to
his home.








As
noted previously, only six weeks elapsed between the time that appellant was
placed on delinquent court community supervision and his subsequent arrest for
unlawfully carrying a weapon. Appellant was continuously detained thereafter in
the Jefferson County Juvenile Detention Center after his arrest on the weapon
charge.  Accordingly, appellant was only on community supervision for a short
period of time while in his father=s
custody.  There is no evidence of any efforts to return appellant to his home
after he was arrested on the weapon charge.  As reflected in the report from
the community supervision department, the evidence affirmatively demonstrates
that the department did not attempt to return appellant to his home with more
stringent community supervision conditions after the subsequent arrest or make
any other alternative placement short of TYC.  In the absence of evidence of
alternative placement efforts, we conclude that the trial court abused its
discretion in determining that reasonable efforts were made to return appellant
to his home environment.  Appellant=s
fourth point is sustained.[2]

                                                               This
Court=s Ruling

Having
found error in the trial court=s
judgment, it is reversed, and this cause is remanded for a new disposition
hearing.  Tex. Fam. Code Ann. ' 56.01(i) (Vernon 2008).

 

 

TERRY McCALL

JUSTICE

 

July 9, 2009

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that appellant has misstated the requirements
of Section 54.05(m)(1)(B).  This section does not require a showing that all
reasonable efforts were made to prevent or eliminate the need for the child=s removal from the child=s
home (emphasis added).   





[2]Appellant also raises an argument that the trial court
abused its discretion because it failed to follow the Progressive Sanctions
Model.  Tex. Fam. Code Ann. '' 59.001-.015 (Vernon 2008).  The Family Code does not permit
a juvenile to bring this complaint on appeal, however.  See Section
59.014(3) (AA child may not bring an appeal or a postconviction
writ of habeas corpus based on . . . a departure from the sanction level assignment
model provided by this chapter.@).  A juvenile
court=s decision is guided by the Progressive Sanctions
Model, but the guidelines are not mandatory.  Id.; In re C.C., 13
S.W.3d 854, 858 (Tex. App.CAustin 2000, no pet.).