NO. 07-07-0279-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 27, 2009
_____

JUAN MANUEL MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 38TH DISTRICT COURT OF MEDINA COUNTY;

NO. 06-07-9568-CR; HONORABLE ANTONIO G. CANTU, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Juan Manuel Martinez appeals from his conviction for aggravated assault and the resulting sentence of confinement for a period of twenty years in the Institutional Division of the Texas Department of Criminal Justice. Through two issues, appellant contends the evidence was factually insufficient to show he was not acting in self-defense and the trial court erred by refusing to include appellant's requested jury instruction. Finding the evidence sufficient and the trial court properly refused the requested instruction, we affirm.

Background

By a July 2006 indictment, appellant was charged with "intentionally, knowingly, or recklessly caus[ing] serious bodily injury to Daniel Garcia by striking and kicking Daniel Garcia on or about the head and body and/or causing Daniel Garcia to strike his head on the rear bumper of a vehicle."[1] Following appellant's plea of not guilty, the case proceeded to jury trial.

Witnesses, including the victim Daniel Garcia and Joaquin Tapia, testified that appellant, Garcia and Tapia sat in Tapia's Suburban in his gravel driveway and drank beer, listening to music. At a point, appellant and Garcia got out of the Suburban and walked to the rear of the vehicle. Tapia testified he did not see Garcia try to hit or kick appellant nor did he see Garcia with any kind of weapon. Tapia did see appellant punch Garcia several times in what Tapia believed to be Garcia's face. Tapia told appellant to stop fighting. In response, appellant kicked Garcia while Garcia was lying face down on the ground, causing Garcia's head to hit the bumper of the Suburban.

Belinda Rios testified that she walked out of the trailer she shared with Tapia and saw Garcia lying on the ground near the Surburban. She saw appellant standing over Garcia, kicking Garcia twice in the back of his head. Rios also observed blood coming from behind Garcia's ear. In response to the State's questions, Rios testified that she had never seen Garcia with any kind of weapon and did not see him with one that day. Maria

---

[1] *See* Tex. Penal Code Ann. § 22.02(a)(1) (Vernon 2005).

Hernandez, Garcia's sister, also testified that Garcia did not have a history of violence, and she had never seen Garcia with any weapons.

Garcia's injuries were evidenced by testimony and photographs. He referred to his head as "stomped in." He sustained cuts underneath his left eye and on the back of his head, and his face was swollen on the left side.[2] Garcia testified his treatment included wiring his jaw together and testified he continued to suffer from pain and difficulty hearing in his left ear.

Appellant took the stand. He testified the three men were drinking in Tapia's Suburban. He said Garcia wanted to fight and he told Garcia to "leave the house about three times." According to appellant, when they got out of the vehicle, Garcia put his hand in his pocket. In response, appellant took a swing at him but didn't think he hit him. Appellant testified that he took one more swing at Garcia but did not hit him. Instead, Garcia "just slipped" and hit his head. Appellant agreed that neither Garcia nor he had a weapon. Appellant also agreed that when Garcia fell, appellant kicked him. On cross-examination, he agreed he hit Garcia.[3]

---

[2] As noted, the indictment alleged as an aggravating factor that appellant caused serious bodily injury to Garcia. In addition to describing his injuries, Garcia testified that a few days after the assault, he was airlifted to a hospital where he was placed on life support. Appellant does not contest the sufficiency of the evidence Garcia suffered serious bodily injury.

[3] Appellant stated, "He [Garcia] hit his head when I swinged at him. I apparently or probably did hit him." He also said, "Well, I swinged at him. I didn't know if I hit him."

After the jury twice sent notes indicating its inability to reach a decision, the court gave an *Allen* charge.[4]  Shortly thereafter, the jury returned a verdict of guilty.  After sentencing, appellant filed a motion for new trial that was overruled by operation of law.  This appeal followed.

Analysis

*Issue One–Factual Sufficiency*

In his first issue, appellant contends he properly raised the issue of self-defense at trial and the evidence is factually insufficient to show beyond a reasonable doubt that he was not acting in self-defense.[5]  Once a defendant produces some evidence that supports a defense like self-defense, the State bears the burden of persuasion to disprove the raised defense.  *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex.Crim.App. 2003); Tex. Penal Code Ann. § 2.03 (Vernon 2003).  But the State's "burden of persuasion is not one that requires the production of evidence, rather it requires only that the State prove its case

---

[4]  *See Allen v. United States,* 164 U.S. 492, 501, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896).

[5] The jury instructions included a self-defense instruction pursuant to section 9.31 of the Penal Code.  *See* Tex. Penal Code Ann. § 9.31 (Vernon 2007).  The instructions given to the jury included in part, "[u]pon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree that he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force.  The use of force against another is not justified in response to verbal provocation alone.  A person is justified in using deadly force against another if he would be justified in using force against the other in the first place, as above set out, and when he reasonably believes that such deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force, and if a reasonable person in defendant's situation would not have retreated."

4

beyond a reasonable doubt." *Zuliani*, 97 S.W.3d at 594, *citing Saxton v. State,* 804 S.W.2d 910, 913 (Tex.Crim.App. 1991) (en banc). The State has "no duty to introduce affirmative controverting evidence to rebut the defensive theory." *Ayesh v. State*, 734 S.W.2d 106, 107 (Tex.App.–Austin 1987, no pet.). Self-defense is an issue of fact for the jury to decide. *Saxton,* 804 S.W.2d at 913. Only the jury decides whether to reject or accept a properly raised defensive theory. *Id.; Sparks v. State,* 177 S.W.3d 127, 131 (Tex.App.–Houston [1ˢᵗ Dist.] 2005, no pet.). A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory. *Zuliani,* 97 S.W.3d at 594; *Saxton,* 804 S.W.2d at 914.

A factual sufficiency review considers whether the evidence supporting guilt is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Grotti v. State,* 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)*; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006).[6] Ultimately in a factual sufficiency review, the appellate court must answer the single question whether, considering all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Grotti,* 273 S.W.3d at 283, *citing Watson*, 204 S.W.3d at 415. When there is a conflict in the evidence, to find it factually insufficient we must first be able to say, with some objective

---

[6] A factual sufficiency review begins with the assumption that the evidence supporting the jury's verdict is legally sufficient. *Freeman v. State,* 230 S.W.3d 392, 409 (Tex.App.–Eastland 2007, pet. ref'd), *citing Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App. 1996).

basis in the record, that the great weight and preponderance of all the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417; *see Steadman v. State,* 280 S.W.3d 242, 246-47 (Tex.Crim.App. 2009) (noting reversal for factual insufficiency requires a "high level of skepticism about the jury's verdict").

Appellant's contention he acted in the reasonable belief force was immediately necessary to protect himself against Garcia's use or attempted use of unlawful force is based on the testimony Garcia reached into his pocket as they walked to the rear of the Suburban. But that testimony came only from appellant. No other witness said Garcia reached into his pocket, and even appellant acknowledged Garcia had no weapon. Appellant argues his testimony was uncontradicted, but a jury may choose to disbelieve even uncontradicted testimony. *Hernandez v. State*, 161 S.W.3d 491, 501 (Tex.Crim.App. 2005). The trier of fact is the sole judge of the credibility of witnesses and was free to believe or disbelieve all, some or none of the testimony and to determine whether appellant acted in self-defense. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App. 1991); *Gaines v. State,* 874 S.W.2d 733, 734 (Tex.App.–Houston [1st Dist.] 1994, no pet.). Appellant's testimony and that of other witnesses agree that appellant struck and kicked Garcia. The jury's apparent rejection of appellant's statement that Garcia reached into his pocket and its rejection of appellant's contention he acted in self-defense are not contrary to the great weight and preponderance of all the evidence. *See Lee v. State,* 186 S.W.3d 649, 655 (Tex.App.–Dallas 2006, pet. ref'd) (the existence of contrary evidence is not enough to support a finding of factual insufficiency). *See also Chandler v. State,* No. 07-05-0401-CR, 2007 WL 1662241, *2 (Tex.App.–Amarillo May 31, 2007, pet. ref'd) (mem.

6

op., not designated for publication) (that a defendant's testimony presents conflicting versions of events is a rational basis on which a jury can find the testimony not credible). The evidence supporting appellant's guilt is factually sufficient. *See Zuliani,* 97 S.W.3d at 595. We overrule appellant's first issue.

*Issue Two–Requested Instruction Pursuant to Section 9.41(a) of the Penal Code*

In his second issue, appellant contends the evidence presented at trial properly raised an issue of defense of property and he was entitled to an instruction pursuant to section 9.41(a) of the Penal Code. *See* Tex. Penal Code Ann. § 9.41(a) (Vernon 2003). As noted, the court instructed the jury on self-defense pursuant to section 9.31(a),[7] but appellant contends he was entitled also to his requested section 9.41 instruction.

An accused is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Granger v. State,* 3 S.W.3d 36, 38 (Tex.Crim.App. 1999); *Hudson v. State,* 145 S.W.3d 323, 324-25 (Tex.App.–Fort Worth 2004, pet. ref'd). However, when the evidence fails to raise a defensive issue, the trial court commits no error in refusing a requested instruction. *Muniz v. State,* 851 S.W.2d 238, 254 (Tex.Crim.App. 1993); *Hudson,* 145 S.W.3d at 325.

---

[7] Tex. Penal Code Ann. § 9.31(a) (Vernon 2005).

Section 9.41(a) provides: "A person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property." Tex. Penal Code Ann. § 9.41(a) (Vernon 2003). When there is no evidence of a belief that force is needed to defend property, a criminal defendant is not entitled to a jury instruction on defense of property. *Hudson,* 145 S.W.3d at 325.

Appellant testified he asked Garcia several times to leave Tapia's trailer. Garcia did not do so and instead called appellant out of the vehicle to fight. Appellant also points to testimony that Garcia was drunk and when Garcia confronted appellant, he stuck his hand in his pocket as if to reach for a weapon.

Appellant also testified he "would stay [at Tapia's trailer] every day." He agreed with counsel that he had a room in the trailer and all of his stuff was in the room. Tapia and Rios testified that appellant sometimes stayed in the trailer and kept some belongings there. We see no evidence, however, that appellant's use of force against Garcia in the trailer's driveway was immediately necessary to prevent interference with his undescribed belongings located inside the trailer. *Hudson*, 145 S.W.3d at 325. The evidence does not raise an issue of defense of property. *Id. Cf. Manzke v. State,* No. 05-02-00356-CR, 2003 WL 1870560, *2 (Tex.App.–Dallas April 14, 2003, no pet.) (mem. op., not designated for publication) (appellant's testimony that he asked Muriel to leave several times, she refused, and he pushed her with only enough force to get her out of his apartment was sufficient to raise the issue of defense of property). Accordingly, the trial court did not err by denying

8

appellant's request for an instruction pursuant to section 9.41(a) of the Penal Code.  We overrule appellant's second issue.

Having overruled appellant's issues, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.