NO. 07-07-0279-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 27, 2009
                                       ______________________________

JUAN MANUEL MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 38TH DISTRICT COURT OF MEDINA COUNTY;

NO. 06-07-9568-CR; HONORABLE ANTONIO G. CANTU, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Juan Manuel Martinez appeals from his conviction for aggravated assault
and the resulting sentence of confinement for a period of twenty years in the Institutional
Division of the Texas Department of Criminal Justice. Through two issues, appellant
contends the evidence was factually insufficient to show he was not acting in self-defense
and the trial court erred by refusing to include appellant’s requested jury instruction. 
Finding the evidence sufficient and the trial court properly refused the requested
instruction, we affirm.
Background
          By a July 2006 indictment, appellant was charged with “intentionally, knowingly, or
recklessly caus[ing] serious bodily injury to Daniel Garcia by striking and kicking Daniel
Garcia on or about the head and body and/or causing Daniel Garcia to strike his head on
the rear bumper of a vehicle.”


 Following appellant’s plea of not guilty, the case proceeded
to jury trial.
          Witnesses, including the victim Daniel Garcia and Joaquin Tapia, testified that
appellant, Garcia and Tapia sat in Tapia’s Suburban in his gravel driveway and drank beer,
listening to music. At a point, appellant and Garcia got out of the Suburban and walked
to the rear of the vehicle. Tapia testified he did not see Garcia try to hit or kick appellant
nor did he see Garcia with any kind of weapon. Tapia did see appellant punch Garcia
several times in what Tapia believed to be Garcia’s face. Tapia told appellant to stop
fighting. In response, appellant kicked Garcia while Garcia was lying face down on the
ground, causing Garcia’s head to hit the bumper of the Suburban. 
          Belinda Rios testified that she walked out of the trailer she shared with Tapia and
saw Garcia lying on the ground near the Surburban. She saw appellant standing over
Garcia, kicking Garcia twice in the back of his head. Rios also observed blood coming
from behind Garcia’s ear. In response to the State’s questions, Rios testified that she had
never seen Garcia with any kind of weapon and did not see him with one that day. Maria
Hernandez, Garcia’s sister, also testified that Garcia did not have a history of violence, and
she had never seen Garcia with any weapons. 
           Garcia’s injuries were evidenced by testimony and photographs. He referred to his
head as “stomped in.” He sustained cuts underneath his left eye and on the back of his
head, and his face was swollen on the left side.


 Garcia testified his treatment included
wiring his jaw together and testified he continued to suffer from pain and difficulty hearing
in his left ear.
          Appellant took the stand. He testified the three men were drinking in Tapia’s
Suburban. He said Garcia wanted to fight and he told Garcia to “leave the house about
three times.” According to appellant, when they got out of the vehicle, Garcia put his hand
in his pocket. In response, appellant took a swing at him but didn’t think he hit him.
Appellant testified that he took one more swing at Garcia but did not hit him. Instead,
Garcia “just slipped” and hit his head. Appellant agreed that neither Garcia nor he had a
weapon. Appellant also agreed that when Garcia fell, appellant kicked him. On cross-examination, he agreed he hit Garcia.



 
          After the jury twice sent notes indicating its inability to reach a decision, the court
gave an Allen charge.


 Shortly thereafter, the jury returned a verdict of guilty. After
sentencing, appellant filed a motion for new trial that was overruled by operation of law. 
This appeal followed.Analysis
Issue One–Factual Sufficiency
          In his first issue, appellant contends he properly raised the issue of self-defense at
trial and the evidence is factually insufficient to show beyond a reasonable doubt that he
was not acting in self-defense.


 Once a defendant produces some evidence that supports
a defense like self-defense, the State bears the burden of persuasion to disprove the
raised defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex.Crim.App. 2003); Tex. Penal
Code Ann. § 2.03 (Vernon 2003). But the State’s “burden of persuasion is not one that
requires the production of evidence, rather it requires only that the State prove its case
beyond a reasonable doubt.” Zuliani, 97 S.W.3d at 594, citing Saxton v. State, 804
S.W.2d 910, 913 (Tex.Crim.App. 1991) (en banc). The State has “no duty to introduce
affirmative controverting evidence to rebut the defensive theory.” Ayesh v. State, 734
S.W.2d 106, 107 (Tex.App.–Austin 1987, no pet.). Self-defense is an issue of fact for the
jury to decide. Saxton, 804 S.W.2d at 913. Only the jury decides whether to reject or
accept a properly raised defensive theory. Id.; Sparks v. State, 177 S.W.3d 127, 131
(Tex.App.–Houston [1st Dist.] 2005, no pet.). A jury verdict of guilty is an implicit finding
rejecting the defendant’s self-defense theory. Zuliani, 97 S.W.3d at 594; Saxton, 804
S.W.2d at 914. 
          A factual sufficiency review considers whether the evidence supporting guilt is so
weak that the jury’s verdict seems clearly wrong and manifestly unjust, or evidence
contrary to the verdict is such that the jury’s verdict is against the great weight and
preponderance of the evidence. Grotti v. State, 273 S.W.3d 273, 283 (Tex.Crim.App.
2008); Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); Watson v. State, 204
S.W.3d 404, 414-15 (Tex.Crim.App. 2006).


 Ultimately in a factual sufficiency review, the
appellate court must answer the single question whether, considering all the evidence in
a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. 
Grotti, 273 S.W.3d at 283, citing Watson, 204 S.W.3d at 415. When there is a conflict in
the evidence, to find it factually insufficient we must first be able to say, with some objective
basis in the record, that the great weight and preponderance of all the evidence contradicts
the jury’s verdict. Watson, 204 S.W.3d at 417; see Steadman v. State, 280 S.W.3d 242,
246-47 (Tex.Crim.App. 2009) (noting reversal for factual insufficiency requires a “high level
of skepticism about the jury’s verdict”). 
          Appellant’s contention he acted in the reasonable belief force was immediately
necessary to protect himself against Garcia’s use or attempted use of unlawful force is
based on the testimony Garcia reached into his pocket as they walked to the rear of the
Suburban. But that testimony came only from appellant. No other witness said Garcia
reached into his pocket, and even appellant acknowledged Garcia had no weapon. 
Appellant argues his testimony was uncontradicted, but a jury may choose to disbelieve
even uncontradicted testimony. Hernandez v. State, 161 S.W.3d 491, 501 (Tex.Crim.App.
2005). The trier of fact is the sole judge of the credibility of witnesses and was free to
believe or disbelieve all, some or none of the testimony and to determine whether appellant
acted in self-defense. Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991); 
Gaines v. State, 874 S.W.2d 733, 734 (Tex.App.–Houston [1st Dist.] 1994, no pet.). 
Appellant’s testimony and that of other witnesses agree that appellant struck and kicked
Garcia. The jury’s apparent rejection of appellant’s statement that Garcia reached into his
pocket and its rejection of appellant’s contention he acted in self-defense are not contrary
to the great weight and preponderance of all the evidence. See Lee v. State, 186 S.W.3d
649, 655 (Tex.App.–Dallas 2006, pet. ref’d) (the existence of contrary evidence is not
enough to support a finding of factual insufficiency). See also Chandler v. State, No. 07-05-0401-CR, 2007 WL 1662241, *2 (Tex.App.–Amarillo May 31, 2007, pet. ref’d) (mem.
op., not designated for publication) (that a defendant’s testimony presents conflicting
versions of events is a rational basis on which a jury can find the testimony not credible). 
The evidence supporting appellant’s guilt is factually sufficient. See Zuliani, 97 S.W.3d at
595. We overrule appellant’s first issue. 
Issue Two–Requested Instruction Pursuant to Section 9.41(a) of the Penal Code
          In his second issue, appellant contends the evidence presented at trial properly
raised an issue of defense of property and he was entitled to an instruction pursuant to
section 9.41(a) of the Penal Code. See Tex. Penal Code Ann. § 9.41(a) (Vernon 2003).
As noted, the court instructed the jury on self-defense pursuant to section 9.31(a),


 but
appellant contends he was entitled also to his requested section 9.41 instruction. 
          An accused is entitled to an instruction on any defensive issue raised by the
evidence, whether that evidence is weak or strong, unimpeached or contradicted, and
regardless of what the trial court may think about the credibility of the evidence. Granger
v. State, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999); Hudson v. State, 145 S.W.3d 323, 324-25
(Tex.App.–Fort Worth 2004, pet. ref’d). However, when the evidence fails to raise a
defensive issue, the trial court commits no error in refusing a requested instruction. Muniz
v. State, 851 S.W.2d 238, 254 (Tex.Crim.App. 1993); Hudson, 145 S.W.3d at 325. 
 
          Section 9.41(a) provides: “A person in lawful possession of land or tangible,
movable property is justified in using force against another when and to the degree the
actor reasonably believes the force is immediately necessary to prevent or terminate the
other’s trespass on the land or unlawful interference with the property.” Tex. Penal Code
Ann. § 9.41(a) (Vernon 2003). When there is no evidence of a belief that force is needed
to defend property, a criminal defendant is not entitled to a jury instruction on defense of
property. Hudson, 145 S.W.3d at 325.
          Appellant testified he asked Garcia several times to leave Tapia’s trailer. Garcia did
not do so and instead called appellant out of the vehicle to fight. Appellant also points to
testimony that Garcia was drunk and when Garcia confronted appellant, he stuck his hand
in his pocket as if to reach for a weapon.  
          Appellant also testified he “would stay [at Tapia’s trailer] every day.” He agreed with
counsel that he had a room in the trailer and all of his stuff was in the room. Tapia and Rios
testified that appellant sometimes stayed in the trailer and kept some belongings there. 
We see no evidence, however, that appellant’s use of force against Garcia in the trailer’s
driveway was immediately necessary to prevent interference with his undescribed
belongings located inside the trailer. Hudson, 145 S.W.3d at 325. The evidence does not
raise an issue of defense of property. Id. Cf. Manzke v. State, No. 05-02-00356-CR, 2003
WL 1870560, *2 (Tex.App.–Dallas April 14, 2003, no pet.) (mem. op., not designated for
publication) (appellant’s testimony that he asked Muriel to leave several times, she refused,
and he pushed her with only enough force to get her out of his apartment was sufficient to
raise the issue of defense of property). Accordingly, the trial court did not err by denying
appellant’s request for an instruction pursuant to section 9.41(a) of the Penal Code. We
overrule appellant’s second issue.
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
James T. Campbell

Justice







Do not publish.